Jackson, J.
The plaintiff or demandant may, in various modes, become nonsuit, or discontinue his suit, at his pleasure. At the beginning of every term, at which he is demandable, he may neglect or refuse to appear. If the pleadings are not closed, he may refuse to reply, or to join an issue tendered ; or, after issue joined, ha *50 may decline to open his cause to the jury. The Court also may, upon sufficient cause shown, allow him to discontinue, even when it cannot be claimed as a right; as after the cause is opened, [*49] and the evidence submitted to the jury; This is * often done in the discretion of the Court, when it appears, that, in consequence of a surprise or other accident, the plaintiff would be unjustly prejudiced if the trial should proceed. It also rarely happens that the defendant is interested to oppose a discontinuance; and of course we seldom have occasion to refuse such a motion.† As the motion, however, is not always granted of course, and as it is opposed by the defendant in the present case, it is necessary to *51 consider the grounds on which it is opposed. For this purpose we must first dispose of the defendant’s motion for leave to take out the rule of reference ; for, if the action be not referred, there seems to be no ground of objection to the discontinuance.
The Court is of opinion that this action, and all other demands between these parties, were, in fact, referred at the November term, 1813, and that neither party had a right, without the consent of the other, to rescind, or discharge, that rule. The paper which is now produced has, as far as it goes, the precise form of a common rule of reference. It purports to be made in court and in this action ; and it contains every thing but the words which are inserted of course in the latter part of every such rule, when issued from the clerk’s office. Nothing more was necessary to enable the clerk to make out the rule, according to the true intent and meaning of the parties at the time ; and, if the defendant’s attorney had filed that paper with the clerk, as he had a perfect right to do, the rule must have been issued accordingly. It seems to have been handed to the plaintiff’s attorney, to be filed, as a thing of course ; but without any reserve or condition, express or implied, that it might be rescinded by either party.
Under all these circumstances, coupled with the entry on the clerk’s docket, which must have been made by consent of both parties, we cannot consider this as a mere agreement, made en pais, which either party might refuse to execute, leaving to the other his remedy by an action on the case for damages. It is an agreement of the parties in this suit, and *made in relation [ *50] to the conduct of the suit. The paper was, if we may so express it, the property of both parties ; and the plaintiff’s attorney could not, under these circumstances, refuse to deliver it to the clerk. There is not, however, any imputation upon the plaintiff’s attorney for withholding the paper ; as he has always submitted it to the order of the Court, and for the use of the other party; claiming only, according to the instructions of his client, a right to prevent the rule from being entered. This paper must now be filed, and the rule of reference made out accordingly.
The next question is, whether, after such a reference, it is in the plaintiff’s power to become nonsuit, or to discontinue without the consent of the defendant.
We are of opinion that he has no such right. It will be recollected, that a rule of reference in our courts differs, in some respects, from such rules in the English courts'. Here we never issue an attachment for any disobedience of the rule ; nor is there any occasion for such a process. If either party neglect or refuse, after due notice, to appear and submit his case to the referees, they are authorized, by the terms of the rule, to proceed ex parte; so that the *52 rule cannot be in this mode defeated. It is also a part of the rule, that judgment shall be entered according to the report of the referees, when accepted by the Court ; so that there is no occasion for an attachment for not performing the award.
It is not a mere agreement, collateral to the action, but a mode of deciding the questions in controversy in the action, like the verdict of a jury, so that the Court may render judgment thereon, according to the justice of the case. It is somewhat like a reference to an officer of the Court, to tax costs, or assess damages, under the direction of the Court. It resembles, also, a case stated by the parties, with an agreement that the Court may render judgment as on a nonsuit or default, according to the legal effect and operation of the facts so stated. The Court sometimes discharge the rule on such [ *51 ] an * agreement, when it is made to appear, that, from mistake or accident, a material fact is omitted in the statement, or wrongly stated. But it never was supposed that either party might, at his pleasure, rescind such an agreement ; or that the plaintiff might discontinue or become nonsuit, so as to destroy its effect. By such an agreement, the parties put themselves on trial before the Court, and neither party has any more right to stop the progress of that trial than if it were a trial before the jury.
So, in a case of a trial before referees by a rule of Court, neither party can ordinarily rescind the rule at his pleasure, and prevent the referees from proceeding on the trial. He may refuse to appear before the referees, but that event is provided for in the rule of reference ; and they may proceed, notwithstanding his absence. After such rule of reference, neither party is generally demandable in Court, until a report be made; as the trial is, in the mean time, going on before the referees.
This principle seems well settled in the case of trials by jury ; and it is equally applicable to any other species of trial. In the trial by wager of law, if the defendant had a continuance in order to perfect his law at another term, the plaintiff might be nonsuit at the day appointed, as he might at the time for a trial at bar by a jury, if the issue had been joined at a preceding term. But if, at the time of waging his law, the defendant is ready presently to perfect his law, (petit se ad legem suam inde instanter faciendam admitti,) and if he be admitted accordingly, the plaintiff cannot be nonsuit, and the trial thus commenced must proceed.(1)
After such a reference of all demands between the parties, each party becomes in effect actor. The defendant has acquired a right to prosecute his demands in this mode against his adversary, as if he had been the original plaintiff in the suit. It may be that a balance *53 is really due to him on a final adjustment of all the demands in controversy. Whilst such a reference is pending, he would be prevented from maintaining any action for his demands against the plaintiff: * and, if the submission could be afterwards [ * 52 ] revoked by the adverse party, his demands might, in the mean time, be barred by the statute of limitations ; and he would, in any case, be unjustly delayed in recovering what is due to him. The defendant has a right to take out the rule of reference, and, thereupon, to exhibit his claims for the determination of the referees ; and, if the plaintiff thinks proper to withhold his evidence, the referees will, nevertheless, proceed to determine the matters in controversy, upon such evidence as may be laid before them.
We are, therefore, of opinion, that the plaintiff cannot, at hia pleasure, rescind this rule, and revoke the submission ; and as he cannot do it directly, so he cannot effect the same object by a discontinuance or a nonsuit. The cause is on trial before the referees, and the trial must proceed.
If the plaintiff, who signed this agreement, has, through ignorance or inadvertence, exposed himself to any loss or serious inconvenience by this reference, the Court may, upon such circumstances appearing to them, relieve him, as in other like cases ; but, as no such circumstances have been proved, the plaintiff’s motion is overruled.†

 In Locke & al. vs. Wood (16 Mass. Rep. 317). it was held, that, after the verdict of the jury had been returned, and before it was recorded, the plaintiff could not become nonsuit; and the Court refused to allow him to become nonsuit, or to give him leave to discontinue on his motion, stating, that, "after the cause is opened to the jury, and begun to be proceeded in, the parties are entitled to a verdict, unless the Court in its discretion should allow a nonsuit or discontinuance.” In an approved book of Practice it is said, "If the plaintiff find that his evidence is not sufficient to maintain his case, he may elect to be nonsuit, in order that he may have an opportunity oi bringing it on again, either in another shape, or when better prepared with evidence ; for, after a nonsuit, which is only a default, he may commence another suit against the defendant for the same cause of action: but, if a verdict be once given, and judgment follow thereon, he is for ever barred from suing the defendant upon the same ground of complaint. (See Bridge vs Sumner, 1 Pick 371. — Hals. 38.) When a plaintiff submits to a nonsuit, it is done usually after he has stated his case or closed his evidence, or after the defendant’s case is closed and before the judge has summed up ; but it may be done at any time before the jury have actually delivered their verdict. It is entirely optional, however, with the plaintiff whether he will submit to a nonsuit or not; he cannot be compelled to do so, but may insist on the case going to the jury, and take his chance of the verdict (2 D & E. 275 - 281, — 1 B. & A. 252) [And see Mitchell & al. vs. The N. Eng. Mar. Ins. Co., 6 Pick. 317. — 1 Peters’ R. 469. — 2 Tennessee Rep. 57. —Sed vide Rose vs. Learned & al., 14 Mass Rep. 154. — 2 Bay. 126-445. —2 M'Cord, 26—2 Greenl. 5.-3 Greenl 97.-3 Hals. 80. —2 South. 85. — 13 Johns. 334.] But it is only in cases where a verdict can be given, that the plaintiff can be nonsuited (see 2 Str. 1117); therefore, when, after a cause was called on, and the jury sworn, neither counsel, attorneys, parties, nor witnesses appearing, it was holden, that the only way was, to discharge the jury, for the plaintiff could not be nonsuit. 1 Str. 267. Formerly it was holden, that, where one of two defendants allows judgment to go by default, and the other goes to trial, the plaintiff could not be nonsuit, but that the defendant must have a verdict if the plaintiff failed to make out his case. 3 D. & E. 662. — Cowp. 483. — 1 Dougl. 169, n. — Mss. E. 1814. It has since, however, been holden, that the plaintiff, in such a case, may elect to be nonsuit as against the party who appears. 5 B. & Cr. 178.— 1 B. & Cr. 110. So, after a plea of tender (3 Bingh. 290), or after payment of money into court (2 H. Bl. 374, and see 2 Esp. 482, n. — 7 D. & E. 372), the plaintiff may be nonsuit ** 1 Archb. Pr. Com. PL 188-173. As to leave to discontinue, the Court will grant it to the plaintiff as a matter of especial favor, even after a special verdict. 1 Salk 178. But they will not do so in a hard action, Hardw 200, 201, or to give the plaintiff an oppor tunity to adduce fresh proof in contradiction to the verdict. 2 W. Bl. 118 Nor will they ever grant it after a general verdict, 1 Leon 48, — 1 Salk 178; or after a writ of inquiry executed and returned. Carth. 86 — 1 Show. 63. The Court, however, have allowed the plaintiff to .discontinue, upon payment of costs, after a demurrer argued and allowed, where there was a mistake in the plaintiff's pleading. 2 Lev. 124, 209. — 1 Lev. 192. — 1 Saund. 23. — 1 Lev. 298. — 3 Lev 440. — 1 Str. 76. 116. —1 Lev. 191 — 1 Saund. 39. — See 1 Salk. 179. — Barnes, 169. But the Court usually gives the party leave to amend on payments of costs. 2 Archb. Com. Pl. 259

 2 Rol. Abr. 131.

 Cumberland vs. North Yarmouth, 4 Greenl. 459. By the English law, after entering into the submission and consenting that it shall be made a rule of court, either party may revoke his submission, by deed, at any time before the making of the award, even where a verdict has been taken, subject to the reference by order of the court; Skee vs. Coxon, 10 B. & Cr 483; and, if the arbitrator afterwards proceed and make his award notwithstanding the revocation, the party will not be liable to an attachment for non-performance of it, (particularly, if the arbitrator have notice of the revocation before the award is made; 7 East, 608; 5 Taunt. 452,) and the court, upon application, will set it aside; 1 Bingh. 87; the bond, &c., of submission, however, becomes forfeited by such revocation, and the obligee may immediately sue upon it; 4 B. & C. 103; or the court may, upon the rule or upon the judge’s order being made a rule of court (see 2 B. & A. 395; but see 5 Taunt. 452), order the party revoking to pay the other “such costs as the court shall think reasonable and just,” according to the terms of the rule or order. Where it appeared, however, that the arbitrator’s authority had been revoked merely because the party could not procure the attendance of a material witness before the arbitrator, the court refused to make him pay costs; 2 & B. A. 385. Besides the express revocation here mentioned, the authority of the arbitrator may be impliedly revoked by the death of either party before the award is made ; 2 B & A. 394; Marsh. 368; 3 D. & R. 184; 8 Taunt. 146; 3 Bing. 20. Even where a verdict is taken subject to an award, the death of a party after verdict and before award made is deemed a revocation; 7 Taunt. 571; 3 D. & R. 610; 3 B. & Cr. 144 [sed vide Freeborn vs. Denmore, 3 Halst. 16]; unless the submission contain an express stipulation to the contrary; 6 B. & C. 255; 4 Bingh. 143. But, even if the submission in express words be declared irrevocable, either party may rescind the authority given to the arbitrators. The marriage of a feme sole party afler submission and before award made is, in like manner, a revocation of the arbitrator’s authority 6 East, 266; 2 Archb. C. P. Pr. 826, 827. See Caldwell on Arbitration, pp. 32-34.