JAMES M. WOODBURY *vs.* JOHN B. PROCTOR.

Upon a reference by rule of court, the award must be made by the arbitrators named in the
   rule; and even if the parties by writing indorsed on the rule substitute an arbitrator in
   place of one of those named, and waive all exceptions, no judgment can be rendered on
   the award.

APPEAL from the acceptance of an award by the court of
common pleas, whose record showed the following facts:

The parties appeared and agreed to refer the action to the
determination of Stephen Shepley, James B. Lane and Allen
McLaughlin, the report of whom or a major part of whom be-
ing made as soon as might be, judgment thereon to be final,
and execution issue accordingly. Afterwards the rule of ref-
erence was returned with an agreement and award indorsed
thereon.

By that agreement, the parties substituted Rodney Wallace
in place of Shepley, and agreed that the decision of Wallace,
Lane and McLaughlin, or a major part of them, should be final
and conclusive touching the matters submitted, and that judg-
ment of court might be entered and execution issue thereon; and
expressly waived any and all exceptions to the award of the
said Wallace, Lane and McLaughlin, or a major part of them,
upon the matters within submitted.

The award was signed by Wallace and Lane only, and was
in these words: "All the referees appointed by the above rule
of court notified and met the parties, and heard their several
allegations, proofs and arguments, and duly considered the same
and the undersigned, being a major part of said referees, do
award and determine that the abovenamed James M. Wood-
bury shall recover of the abovenamed John B. Proctor the sum
of seventy dollars, together with the costs of court to be taxed
by the court, and that the same be in full of all matters above
referred to us."

*N. Wood*, for the plaintiff, cited *Merrill* v. *Gold*, 1 Cush. 457
*Day* v. *Berkshire Woollen Co.* 1 Gray, 420; *Walker* v. *Boston &*

*Ma'ne Railroad,* 3 Cush. 1 ; *Davidson* v. *Boston & Maine Rail-road,* 3 Cush. 91 ; *Simonds* v. *Parker,* 1 Met. 508 ; *Hallock* v. *Franklin,* 2 Met. 558 ; *Manlove* v. *Thrift,* 5 Munf. 493 ; *Latti-more* v. *Martin,* Addis. 11 ; *Browning* v. *McManus,* 1 Whart. 177

*C. H. B. Snow,* for the defendant.

BIGELOW, J. The authority of referees to determine a cause pending in court, so that their award shall have the effect of a verdict and be the basis of a judgment, is derived not from the assent of the parties, but from the court by which they are appointed. The parties cannot, by their own act merely, empower persons in the country to make an award which shall be binding on the court where the action is pending. The submission under a rule of court takes force, effect and validity from the action of the court sanctioning the previous agreement of the parties. It becomes part of the record, and the case can be heard and tried only under the submission while it remains unrevoked. It is then binding on the court as well as the parties.

In the case at bar, the reference as originally constituted by the rule of court has never been changed on the record, and no persons but those there named had any jurisdiction of the case. There has therefore been no award under the rule. Only one of the arbitrators duly appointed has signed the award. The agreement of the parties, subsequent to the submission for the appointment of a new referee, must be treated as a nullity. If the parties can appoint one referee in place of one appointed by the court, they can in like manner appoint two or more, and thus make an entirely new arbitration without the authority or sanction of the court. But there is no warrant for any such proceeding. There are but two modes known to our law, in which an award can be made the basis of a final judgment between the parties as upon a verdict, without any new process One is by a submission under the Rev. Sts. *c.* 114, before a jus tice of the peace, and the other is by reference of an action pending to arbitrators appointed by the court. *Commonwealth* v. *Pejepscut Proprietors,* 7 Mass. 414, 417. *Haskell* v. *Whitney,* 12 Mass. 50. *Foster* v. *Durant,* 2 Cush. 550.

*Judgment reversed ; award set aside.*