Dexter v. Young.

## DEXTER *v.* YOUNG.

Where parties to an action pending in court enter into an agreement to submit the action to one or more referees, and, upon such submission, a rule of reference is entered by the court, neither party has the right to revoke such submission, or to rescind such rule of reference.

But upon the motion of either party, and for good cause shown, the court, upon a hearing, will rescind the rule.

The court may also rescind the rule, for good cause appearing to the court, even though neither party requests it.

THIS action was entered at the April term of the Court of Common Pleas, 1857, and continued from term to term until the October term, 1858, when it was referred to Andrew S. Woods, by agreement of parties, and continued. A hearing was commenced before the referee, but had been adjourned, when, at the April term, 1859, no report having been made, the rule of reference to the same referee was extended, by agreement of parties, and the case was again continued; after which there was a hearing of some three days before the referee, when, upon

Dexter *v.* Young.

motion of the plaintiff, the hearing was again adjourned; and at the October term, 1859, no report being made, the plaintiff claimed the right to rescind the rule of reference and revoke the submission or agreement for the reference, objected to extending the rule, and moved that the cause be set down for trial in this court. The court overruled the motion, and ordered that the rule be extended, the plaintiff excepting; which questions were transferred to this court for determination.

*Hibbard,* for the plaintiff.

*H. & G. A. Bingham,* for the defendant.

SARGENT, J. A submission to referees at common law of any matters in dispute, not made in court, but *en pais,* may be revoked before award. If the submission be by parol, the revocation may be by parol; and a revocation by deed is good when the submission is by deed. If parties enter into a bond to each other, with a penalty, conditioned to submit and stand to the award of arbitrators, where the matters referred are not in suit in court, the party refusing to submit, by revocation or otherwise, or if an award is properly made, the party refusing to perform it, becomes liable upon his bond. And the same holds true where a suit in court is referred in the same way, when the condition of such bond is not made a rule of court. 1 Cromp. Prac. 260. But when a suit in court is referred under a rule of court, a different principle has been held to apply.

The English statute, 9 and 10 Wm. 3, ch. 15, recited, that "Whereas it hath been found by experience that references made by rule of court have contributed much to the ease of the subject, in the determining of controversies, because the parties become thereby obliged to submit to the award of the arbitrators under penalty of im-

prisonment for their contempt, in case they refuse submission, now, for promoting trade and rendering the awards of arbitrators the more effectual in all cases for the final determination of controversies referred to them by merchants and traders or others," &c., " be it enacted," &c. The act then provided for submitting any controversies, not in suit, to the award of any person or persons, by agreement in writing, containing a provision that the submission should become a rule of court, which submission, upon certain terms, should be entered of record in such court, and a rule thereupon made by said court that the parties should submit to and be finally concluded by such arbitration made in pursuance of such submission; and in case of disobedience to such arbitration, the party refusing or neglecting to perform and execute the same, or any part thereof, should be subject to all the penalties of contemning a rule of court, when he is a suitor or defendant in such court, and that process should issue accordingly.

It is said that this statute was made to put submissions, where no cause was depending in court, upon the same footing with those where there was a cause depending, and that it is only declaratory of what the law was before in the latter case; 1 Cromp. Prac. 262; so that at this time it was considered as having been long established that when a cause in court had been thus referred by a rule of court, the party who should undertake to revoke the submission, or neglect or refuse to perform and execute the same, or any part thereof, was to be treated as guilty of a contempt of the court, and an attachment at once issued. Bac. Ab., Arbitrament and Award, B. This amounted in practice to declaring that such submissions by rule of court, were irrevocable; and hence it is said that when the submission be made a rule of court according to the statute, the party can never revoke it. 1 Cromp. Prac. 262.

Such was the English law at and prior to the time of the American Revolution. But questions were early raised in this country as to the effect of such a rule of court, and the rights and liabilities of the parties under it. The terms of the rule of court, in this State and Massachusetts, and probably in other States, vary somewhat from those of similar rules under the English practice prior to the Revolution. With us there is a provision in the rule that if either party neglect or refuse, after due notice, to appear and submit his case to the referees, they are authorized by the terms of the rule to proceed *ex parte*, so that the rule cannot in that way be defeated. It is also a provision of the rule here, that upon a report being made to the court, judgment entered thereon is to be final and conclusive between the parties, and execution is to issue accordingly. Here no attachment for any disobedience of the rule is ever issued by the court, because, by the terms of the rule, no such process can be necessary to carry it into effect. *Haskell* v. *Whitney*, 12 Mass. 47. And we find that the practice in England has been changed by statute as recently as the 3 & 4 Wm. 4, ch. 42, so as very nearly to correspond with our practice in this particular. In North-Carolina it is held that when a cause has been referred to arbitrators by a rule of court, a party cannot revoke the arbitration without the permission of the court which made the order, and that unless the rule of reference be expressly limited in its duration, it continues in force until it be executed, or revoked by act of law, or discharged by the court. *Tyson* v. *Robinson*, 3 Ire. 333.

Where parties had agreed to refer the cause of action in a pending suit, and a rule of reference had been entered by the court on their submission, though one of them filed his revocation on the next day, it was held to be irrevocable, as the submission had become a rule of court. *Ferris* v. *Munn*, 2 New-Jer. 161. When parties to an action in court have entered into a rule of court in common form,

submitting the action and all demands to arbitrators, neither party can rescind the rule or revoke the submission ; *Haskell* v. *Whitney*, 12 Mass. 47 ; *Cumberland* v. *North-Yarmouth*, 4 Gr. 459 ; *Brag* v. *English*, 1 Conn. 498 ; and in these cases it has been further held, that the plaintiff could not discontinue his action during the pendency of such rule of court, because, as there was a submission of all demands upon both sides, each party became an actor ; the defendant having acquired the right to prosecute his demands in this mode, against his adversary, as if he had been the original plaintiff in the suit.

The Revised Statutes, chapter 210, make submissions entered into with certain formalities before a justice of the peace, irrevocable by either party without the consent of the other. This was done no doubt with a view to give to such submissions as nearly the character, force and effect of submissions by rule of court as it was possible to do under the circumstances. And aside from the authorities upon this subject, there would seem to be good reason for holding that a submission, thus made and entered of record, and upon which a rule of reference or an order as to the disposition of the cause has been entered by the court, should be irrevocable by the parties, except by leave of court, and that such rule of court should not be allowed to be rescinded, except by order of such court, and for good cause.

If such agreements, entered into the progress of a civil cause, made in open court by parties over whom the court has jurisdiction, which agreements are made a matter of record, and upon which, as the agreement of each party, the other has acted, and also upon which the court have acted in making an order or entering a rule upon the parties—if such agreements could be revoked at the caprice of either party, or if it was understood that either party in such case had the power, of his own mere motion, to rescind a rule or order of the court thus made, it would

seem to open a wide door for uncertainty and confusion in all the proceedings of our courts,—so much so that it could not be countenanced or tolerated.

Courts will, upon the motion of either party, upon a hearing and for good cause, rescind the rule, and dispose of the cause in some other way. The court may also, if the parties or the referees should delay proceedings unreasonably, rescind the rule and order the cause tried by jury. But it was clearly within the discretion of the judge holding the term to extend the rule, as he did; and as there was no ground of objection stated to the referee, nor any other cause assigned for wishing to revoke the submission in this case; and as it appeared to the court that a hearing had been commenced before the referee, which had made very considerable progress toward a termination, we see no reason why that discretion was not in this case properly exercised.

*Exceptions overruled.*