## POLLARD & A. *v.* MOORE & A.

Under the act of 1868 for the encouragement of manufactures, the mill-owner had filed his petition for the assessment of the land-owner's damages. Said petition had been referred to a committee, who made their report to this court assessing the defendants' damages; and the plaintiffs, being dissatisfied with said assessment, now move to become nonsuit. *Held*, that this motion was properly denied.

THIS is a petition by Roland Pollard and another against Lovinia Moore and others, by mill-owners, under the act for the " encouragement of manufactures," passed July 3, 1868. A committee was duly appointed, according to the provisions of the act, at the September term, 1870. A hearing was had before them, and a report made by them at this term of their estimate of the damages ; and now the petitioners move to be nonsuit; but the court denied the motion, and the petitioners excepted.

The questions of law were reserved for the whole court.

*Bowers*, for the plaintiffs.

The plaintiffs move to become nonsuit for the following reasons :
1. According to the act under which the committee were appointed,

there is no chance for a review, new trial, or a trial by jury, when the report of the committee is once made ; therefore, unless the plaintiff has the right to become nonsuit, he is liable to pay excessive damages without any means of redress.

2. The rule, that " after a verdict by jury has been rendered no nonsuit will be allowed," cannot apply in this case ; for in all cases tried by jury the rights of the plaintiff are protected, not only by the impartiality of the court, but by the right to review the case.

3. In this case, if the plaintiff had elected at first to try his case by the jury, there is no question but that he would have had the right to pay costs and review the case, or have a new trial.     Gen. Stats., ch. 215, secs. 1 and 5.

4. Unless the right of nonsuit is granted, the act of the legislature made " for the encouragement of manufactures " becomes an act of oppression and wrong, from which there is no escape or remedy.

5. If the plaintiffs are allowed to become nonsuit, there is no injury done to any one.   The defendant is made whole, his premises are uninjured, and he stands on the same grounds as before.   The plaintiff moved for a nonsuit at the first practicable moment.   There has been no acceptance of the report or establishment of the report.   After the committee were appointed by the court, there was no competent tribunal to grant or refuse a nonsuit until the court set at the session, when the report was made and the motion for nonsuit denied.   In all civil causes, if the plaintiff asks leave to become nonsuit while the trial is proceeding, it is in the discretion of the court to grant it.   *Wright* v. *Bartlett*, 45 N. H. 289 ;  *Judge of Probate* v. *Abbot*, 13 N. H. 22. The plaintiff has the right to nonsuit at the latest moment before the judge has pronounced his judgment.   *Outhwaite* v. *Hudson*, 11 Eng. L. and Eq. 563.

*Cushing*, for the defendants.

The question is on the plaintiff's right to become nonsuit.   The proceeding is entirely statutory.   Upon return of the committee's report, the acceptance may be objected to by any person interested, for certain specified reasons.   If the report is accepted and established, *i. e.*, if the acceptance is not objected to, the court shall render judgment thereon, which judgment shall be final.

There is in all this no provision for a nonsuit.   That apparently has not entered into the contemplation of the legislature.   So, by the statute, if either party elect a trial by jury, judgment rendered on the verdict is final.   There is no review.

The statute having made no provision for a nonsuit, if the petitioner has a right to it, it must be by some analogy with proceedings at common law.   But the cases cited by the petitioners show that at common law the plaintiff has no right to become nonsuit after verdict ; and if there be any analogy, clearly the report would be analogous to the verdict at common law.

As to the hardship insisted on by the plaintiff, there is no more ground for assuming that the commissioners will always do wrong, than there is for assuming that a jury will always be right.

The petitioner may elect a jury. If he do not, the report of the commissioners, duly accepted, is final.

SARGENT, J. This is a petition for the assessment of damages for land of the defendants, flowed or otherwise injured by means of a mill-dam erected by plaintiffs under the provisions of chapter 20 of the laws of 1868, entitled " An act for the encouragement of manufactures." The petition has been properly entered in court; a committee have been appointed; that committee have heard the parties, examined the premises, and made report. They have found, in the words of the statute, that " the flowing or draining of said land, to the depth and extent that the same may or can be flowed by said dam, is or may be of public use or benefit to the people of this State; and that the same is necessary for the use of the mill or mills for which said dam is designed;" and have accordingly estimated the defendants' damages and made report to this court.

That part of sec. 3 of said act, which relates to the question before us, is as follows : " Upon the return of the report of said committee, any person interested therein may object to the acceptance of the same for any irregularity or improper conduct on the part of said committee; and said court may set aside said report for any just and reasonable cause, and, if required, shall inquire for itself whether the erection of said dam is of public use or benefit, any finding of the committee upon that point notwithstanding. And if the court shall be of opinion that the erection of said dam is not of public use or benefit, the petition shall be dismissed. But if the report shall be accepted and established, the court shall enter judgment thereon, after adding fifty per cent. to the estimate of damage, which judgment shall be final, and execution shall issue thereon. Before the reference of such petition to the committee, if either party shall so elect, said court shall direct an issue to the jury to try the facts alleged in said petition, and assess the damages; and judgment rendered on the verdict of such jury, with fifty per cent. added, shall be final,—and said court may award costs to either party at its discretion."

Either party has thus the right to try the question of damages by the jury, if they so elect; but that election must be seasonably made— made before the reference of the petition to a committee, which was not done in this case, and therefore that right was waived by both parties, and cannot afterwards be claimed by either party. No objection is made for any irregularity or improper conduct of the committee; neither is the court asked to set aside said report for any cause; nor does either party here require the court to make any inquiry for itself in relation to this matter.

But the motion here made is, that the petitioners shall be allowed to become nonsuit. The provisions of the law are clearly intended to be

beneficial to the mill-owner. He can, by means of its provisions, acquire the right, not only to flow land of his neighbor without his consent, but, if that neighbor does not proceed under the act to have his damages appraised, the mill-owner may obtain an appraisal of them, so that he may pay the damages, and thus have his right to flow the land established—see sec. 4. The mill-owner is thus enabled, by instituting proceedings against himself, to have all questions settled and all controversies ended at an early day.

The plaintiffs, in this case, have undertaken to invoke the aid of a statute thus made for their benefit; have summoned the defendants into court to have their damages appraised; they have come in, and their case has been sent to a committee, who have heard the same and made report; and now, because the damages have been assessed perhaps a little higher than the plaintiffs anticipated, shall they have leave to withdraw and leave the defendants without payment of their damages, or without any valid assessment of them, but to await the uncertain pleasure of the plaintiffs, to have their lands flowed without the right to object until other proceedings shall be instituted and another assessment of damages be made?

A plaintiff has the right, it is said, to become nonsuit during certain stages of the proceedings; but he has not that right after a verdict is returned in his case. *Judge of Probate* v. *Abbot*, 13 N. H. 22; *Wright* v. *Bartlett*, 45 N. H. 289. So, after a reference of a cause to arbitrators by rule of court, the plaintiff cannot rescind the rule or revoke the submission, nor can he become nonsuit, or discontinue his action. *Haskell* v. *Whitney*, 12 Mass. 47, 51; *Cumberland* v. *North Yarmouth*, 4 Greenl. 459; *Bray* v. *English*, 1 Conn. 498; *Outwaite* v. *Hudson*, 11 Eng. L. and Eq. 563, 564, and note; *Dexter* v. *Young*, 40 N. H. 130.

The committee in this case stand much in the same position, as referees or arbitrators in an ordinary case. Both parties must agree to the reference to the committee in this case, because if either objected he could go to the jury. But when, by agreement of parties, the question is sent to a committee, a rule of reference is entered up by the court, and a commission issues to the committee like the commission issued under a rule of court, and it might be doubtful whether the plaintiff could, as a matter of right, become nonsuit at any time after reference to the committee; but however that may be, we think, when their report comes into court, it should stand like the verdict of a jury found upon the same facts, which either party might have had in place of the award if he had elected, and that there should be judgment on such report unless some cause is shown for its recommittal, or for setting it aside. The statute has given no right to go to a jury after a report by the committee, and we are satisfied no such privilege was intended to be allowed to either party. But that would be the effect, or might be, of allowing the plaintiff to now become nonsuit.

But it is said there is no review in this case, and that, unless the plaintiffs can become nonsuit, there is no way that they can have their

cause reheard.  If that were so, it would prove nothing.  It would not be the only case where the party has no review.  By chapter 126, sec. 27, General Statutes, it is provided that there shall be no review of any judgment rendered on an appeal from the judge of probate, upon any claim of a creditor.  So in General Statutes, chap. 181, sec. 11,—" There shall be no review of any judgment rendered on an appeal from the judgment of a commissioner."  So in General Statutes, chap. 187, sec. 17,—" Neither party shall have a right of review in any suit upon a probate bond."  The fact that no review is allowed, if such is the fact, does not therefore render the law unconstitutional or invalid.  We think the motion for a nonsuit was properly denied.

*Nonsuit denied.*