## FULFORD *v.* CONVERSE.

*Nonsuit—Auditor's report—Practice.*

54  543
66  182
66  477

An auditor made his report at the November term, 1869, and the plaintiff elected a trial by jury. At the April term, 1871, the case not having been opened to the jury, the plaintiff moved to become nonsuit: the court denied the motion. *Held,* that there was no error in the ruling. *Judge of Probate* v. *Abbot,* 13 N. H. 21, distinguished.

In this case an auditor was appointed, who made his report at the November term, 1869, and the plaintiff elected a trial by jury. At the April term, 1871, the case never having been opened to the jury, the plaintiff moved to become nonsuit, which motion the court denied, and the plaintiff excepted; and the questions of law were reserved, by BELLOWS, C. J., for the consideration of the whole court.

*Ossian Ray,* for the plaintiff.

*Fletcher & Heywood,* for the defendant.

DOE, J. No question of discretion is reserved; the only question is,

whether the plaintiff could become nonsuit as a matter of right. The rule in this state, when no trial except trial by jury is contemplated, is, that the plaintiff, before opening his case to the jury, may become nonsuit as a matter of right: after the case is opened, and before the verdict, leave to become nonsuit is within the discretion of the court: after verdict there can be no nonsuit. *Judge of Probate* v. *Abbot*, 13 N. H. 21.

It would seem that the reason of the rule, and the rule itself, would apply, when the court or a board of arbitrators is, by agreement of the parties and order of the court, substituted for the jury. The rule cannot depend upon the name or form of the tribunal by which the case is to be tried. It is the substance of the thing that the law regards; and whether the tribunal is called a jury, or court, or board of arbitrators, or any other name, must be immaterial, provided it is a tribunal substantially filling the ordinary place of a jury. And so it was held in *Haskell* v. *Whitney*, 12 Mass. 47, where the parties had agreed upon an arbitration, and the action was marked on the clerk's docket " referred."

If an auditor were a tribunal equivalent to a jury, this case would be easily decided; but an auditor is not equivalent to a jury. After trial and decision by an auditor, either party may elect to try the case by the jury, and upon such trial the auditor's decision " shall be given in evidence, subject to be impeached by either party." Is this difference between an auditor trial and a jury trial a sufficient reason for not applying in the former the rule in relation to a nonsuit which is applied in the latter?

In *Haskell* v. *Whitney*, stress was laid by the court upon the circumstance, that, in a rule of reference, the case of either party refusing to appear before the referees is provided for in the rule of reference authorizing the referees to proceed in his absence. There is a provision in our statute for the same contingency. " If either party neglects or refuses to appear before the auditor, or to render an account, or to produce such books and papers, and to answer, on oath, such interrogatories," &c., " the auditor may certify the same to the court. The court shall thereupon render judgment against such party, as upon nonsuit or default, and if necessary cause the damages to be assessed by the jury." Gen. Stats., ch. 212, secs. 5, 6. If the plaintiff refuses to appear, or to produce books, or to testify before the auditor, " the court shall thereupon render judgment against" him " as upon nonsuit; " and if the defendant has filed a set-off, it may be necessary to cause the defendant's damages to be assessed by a jury. But here would be no judgment upon the merits of anything except the defendant's set-off; the plaintiff's claim would not become *res adjudicata ;* it would remain open for litigation if the plaintiff chooses to bring another suit on it. In this way, during an auditor trial, a plaintiff may practically become nonsuit without asking leave so to do; and in that respect an auditor trial materially differs from a jury trial, for in the latter it is matter of discretion for the court to permit or forbid the plaintiff to become nonsuit.

And to this extent the statute makes such a difference between the two methods of trial, that the rule laid down in *Judge of Probate* v. *Abbot* cannot be fully applied to both of them alike.

There remains to be considered the provision of the statute, that " Upon the report of an auditor, either party may elect to try the cause by the jury, and upon such trial the report shall be given in evidence, subject to be impeached by either party." Gen. Stats., ch. 212, sec. 8. This section, taken alone in its strict and literal sense, leaves no discretion to the court if either party elects a jury trial, but gives such election to either party as a matter of absolute right. Whether that is the proper construction of the statute or not, it is unnecessary in this case to inquire. If the auditor's report were in favor of the defendant, the statute probably would not be construed to require the defendant to elect a jury trial in order to obtain the natural effect of the report. If no motion is made except for judgment on the report, and no sufficient objection is made to that motion, it would be granted.

There is one clause in this section which seems to throw some light on the question before us. Upon the jury trial, the auditor's " report shall be given in evidence, subject to be impeached by either party." This implies that the report is conclusive, unless it is impeached by evidence; but a report against a plaintiff would not be thus conclusive if the plaintiff could become nonsuit. The statute contemplates that the plaintiff as well as the defendant must impeach the report in order to avoid its effect. It makes no distinction between the plaintiff and the defendant. It would be a very unnatural and unjust construction of this section to hold that it gives or allows to a plaintiff a great privilege, which is denied to the defendant—the privilege of destroying an adverse report by a nonsuit instead of evidence. However it might be without this provision of the statute, we feel bound, by the natural construction of the provision, to hold that there was no error in the denial of the plaintiff's motion to become nonsuit.