Dec. 7, }
1875. }        FARMINGTON *v.* COPP.

SAME *v.* JOHNSON.

*Auditor—Nonsuit.*

The plaintiff moved for leave to become nonsuit, as matter of right, while the cause was pending before an auditor. *Held,* that the motion should have been denied.

*Fulford* v. *Converse,* 54 N. H. 543, reäffirmed and followed.

FROM STRAFFORD CIRCUIT COURT.

These two actions were referred to an auditor. In the first the report had been made, and the plaintiff elected a trial by jury. In the second the report had been made, and returned to court, and recommitted to the auditor, who had not yet returned his report. And now, at this time, the plaintiffs moved for leave to become nonsuit in both actions as a matter of right, to which the defendants objected; but the court, STANLEY, J., granted the motion, and the defendants excepted.

The questions thereupon arising were transferred to this court for determination.

*Frank Hobbs,* for the plaintiffs.

*Wheeler,* for the defendants.

LADD, J. The question in the first of these cases is identical with that decided in *Fulford* v. *Converse,* 54 N. H. 543, and the rule there laid down applies.

In the second, I think the plaintiffs are not now in a position to discontinue their suit in this way. The matter is still pending before the auditor. If the plaintiffs should omit to appear before the auditor, it would be his duty to report that fact to the court, and, in case there had been no report previously made, the judgment would be " as upon nonsuit." Gen. Stats., ch. 212, secs. 5, 6. Whether the fact that there has been one report makes any difference, we need not now inquire. However that may be, while the cause is before the auditor I think the plaintiff is not demandable in court in such way that he may finally elect to proceed no further by becoming nonsuit, and so prevent the discharge by the auditor of a duty imposed upon him by the statute. A report of some sort seems necessary to a just taxation of the defendants' costs. I am of opinion that the exceptions should be sustained in both cases.

CUSHING, C. J. The case of *Pollard* v. *Moore,* 51 N. H. 188, in which a motion to become nonsuit upon the coming in of the report of

commissioners, under the flowage act, was denied, is very analogous to the first of these cases, and may be cited in addition to the case of *Fulford* v. *Converse,* cited by my brother Ladd.

In regard to the second case, it seems that the report, though recommitted, had not been rejected, and the defendant, it appears to me, would have the same right to the benefit of it as in the other case. If the plaintiffs did not, with or without further hearing, cause the report to be changed, it would be the duty of the auditor to return it again to the court, and I do not see why the defendant would not have a right to the benefit of it, either as evidence to the jury if the plaintiffs should elect such trial, or as the foundation of a judgment if he did not.

SMITH, J. Whether the plaintiff can become nonsuit after the report of an auditor is returned to court, was fully considered in the recent case of *Fulford* v. *Converse :* no reason has been suggested why the soundness of that decision should be questioned.

It is apparent the statute does not contemplate that the plaintiff shall become nonsuit while the action is pending before an auditor, for provision is made by which the auditor is to certify his non-appearance to the court, and the court will thereupon render judgment as upon nonsuit. This course would seem to be necessary to protect the defendant when he is entitled to recover upon his set-off, and for the taxation of his costs.

*Exceptions sustained.*