# PARKER v. BURNS.

*Nonsuit—Evidence—Waiver.*

An action was sent to a referee, under chapter 97, section 13, Acts of 1874, upon motion of the plaintiff. The referee reported generally in favor of the defendant. The plaintiff then moved to become nonsuit. *Held,* that the plaintiff, by moving to refer the action, waived any objection he might have made to the introduction of the report as evidence to the jury; and that inasmuch as the statute makes the report evidence, subject to be impeached by evidence, the plaintiff could not become nonsuit as matter of right.

FROM Coös CIRCUIT COURT.

On the plaintiff's motion at the April term, 1875, this cause was referred by order of court. The referee made a general report in favor of the defendant. The referee also found that the plaintiff's cause of action was barred by the statute of limitations. The writ, pleadings, and the report are made a part of this case. At the November term, 1875, the plaintiff elected a trial by jury, and the action was continued. At the April term, 1876, after marking the case not for the jury, the plaintiff asked leave to become nonsuit, which was denied. The plaintiff gave as a reason why he desired to become nonsuit in this case, that there is now pending in the Essex county court, in the state of Vermont, an action in his favor against said Burns, upon the same note declared upon in this suit, which suit in Vermont was begun July 31, 1874, and was served by an attachment of said Burns's property in that state, and a personal service upon said Burns, and was entered in said county court at the September term, 1874, when said Burns appeared by counsel, and answered thereto; and said action has since been continued without further proceedings. The plaintiff having shown no cause for a continuance, the court ordered judgment upon the report in favor of the defendant; to which the plaintiff excepted. Cause transferred, including any question of discretion, by RAND, J., C. C.

*Burns* and *Heywood,* for the plaintiff.

The question as to the right of the plaintiff to become nonsuit has been fully discussed in three cases in this state, to wit, *Judge of Probate* v. *Abbot,* 13 N. H. 21, *Wright* v. *Bartlett,* 45 N. H. 289, and *Fulford* v. *Converse,* 54 N. H. 543. The result of the examination of the cases is, that, before the trial of an action is opened to the jury, the plaintiff, as a right, may become nonsuit. After the case is opened to the jury, and before the verdict is returned, the court, in its discretion, may

permit a nonsuit. After a trial by the jury, and after a verdict which was ordered for the plaintiff has been set aside at the law term, the plaintiff, of right, may become nonsuit. In the case of *Fulford* v. *Converse*, it was held, upon the statutes, that after an action has been committed to an auditor, and after, on a trial, he has found for the defendant, the plaintiff cannot then become nonsuit.

This is put upon the ground that the report of the auditor may be read to the jury as evidence; that it is conclusive for the defendant unless it is impeached; and that the plaintiff by a nonsuit cannot destroy this evidence. The plaintiff has a right to a trial by jury, and may impeach the report if he can.

This last case may be conclusive against the plaintiff's right to a nonsuit, if the court should hold that the report of a referee may of right be read to the jury as evidence. But if it should be held that this cannot be done against the objection of the party against whom it is made, then the position of our case is, that the plaintiff has a right to a jury trial, untrammelled by the report, as fully as if no trial had been had before the referee, and the defendant is deprived of no right if a judgment of nonsuit is permitted.

We contend, also, that the reasons set forth in the case are strong grounds why the court should exercise its discretion in favor of the plaintiff.

*G. A. Bingham* (with whom were *Ray, Drew & Heywood* and *Fletcher & Fletcher*), for the defendant.

I. The refusal to order the nonsuit was clearly within the authority of the court. The plaintiff could not become nonsuit as a matter of right. The case of *Fulford* v. *Converse*, 54 N. H. 543, is in point, and decisive of the case at bar.

II. If this is a question of discretion in the court as to whether a nonsuit should be allowed, it was properly exercised by the court in refusing it. It is not the policy of the court to encourage litigation, further, at least, than to give parties a full and fair trial in one jurisdiction. It will not allow a nonsuit, after a trial and an adverse report, in order to enable the plaintiff to avoid the effect of such a trial, and harass the defendant *de novo* in another jurisdiction. *Judge of Probate* v. *Abbot*, 13 N. H. 22; *Wright* v. *Bartlett*, 45 N. H. 289; *Locke* v. *Wood*, 16 Mass. 316; *Taylor* v. *Alexander*, 6 Ham. 144; *Hendrick* v. *Stewart*, 1 Overt. 476.

SMITH, J. When an action has been referred to an auditor, and a report after a hearing has been made to the court, it is too late for the plaintiff to become nonsuit. This is put upon the ground that the statute makes the report conclusive unless it is impeached by evidence, and that a report against the plaintiff would not be conclusive if he could become nonsuit; or, in other words, that it would be an unjust construction to hold that the statute allows the plaintiff a privilege

which is denied the defendant,—of destroying an adverse report by a nonsuit instead of evidence. *Fulford* v. *Converse*, 54 N. H. 543. Does this case stand any differently ?

The plaintiff's right to a trial by jury has not been questioned during the argument. It appears, from the report of the case before us, that it was referred under the act of 1874 (2 Sess. Laws, p. 342), and upon the coming in of the report at the November term, 1875, the plaintiff elected trial by jury, and at the April term, 1876, marked the case not for the jury, and failing to show cause for a continuance, judgment was ordered against him upon the report. By the act of 1874 a right to trial by jury is reserved only in cases referred without the consent of parties, when either party may request it after the report of the referee is made. The act of 1875 (2 Sess. Laws, p. 460) provides for committing a cause to referees by agreement of parties, reserving to either party the right of trial by jury. As this case does not fall within the exception of either statute, there does not seem to be any ground for the plaintiff to claim such a trial. If, then, it is held that the plaintiff had no right to trial by jury, under the statute of 1874 or that of 1875, the question arises whether, under the doctrine as held in *Fulford* v. *Converse, supra*, the plaintiff may become nonsuit as a matter of right.

It was said, in that case, that neither the reason for the rule nor the rule itself—that the plaintiff cannot become nonsuit as a matter of right after the case is opened to the jury, and that after verdict there can be no nonsuit—does not depend upon the name or form of the tribunal by which the case is to be tried ; whether it be called a jury, or court, or board of arbitrators, or any other name, is immaterial, provided it is a tribunal substantially filling the ordinary place of a jury. If by the sending of this case to a referee the plaintiff lost his right to a trial by jury, it needs no argument to show that that tribunal was substituted for the jury, and therefore that he has had all the trial of his suit to which he is entitled. Having taken his chance of a favorable report, he cannot, now that he is disappointed in the result, deprive the defendant of the advantage to which he is entitled from the finding in his favor.

But suppose it be held that the plaintiff did not lose his right to go to the jury after having an adverse report made by the referee: does he then stand any better ? The provision of the statute is, that " in all cases referred without the consent of the parties, wherein they are by law entitled to a trial by jury, the same may, at the request of either party, be tried by jury after the report of the referee has been made, in the same manner and with the same limitations as in the case of the report of an auditor ; and upon such trial by jury said report shall be evidence of all the facts stated therein, subject to be impeached by either party." 2 Sess. Laws 342. The provision, making the report evidence in cases referred without the consent of parties, has been held by a majority of the court to be unconstitutional. *King* v. *Hopkins, ante,* 334. But this case was not sent to a referee without the consent of the plaintiff. On the contrary, it was done upon his motion, and

consequently with his consent. ·I think that that was in effect a proposal by him to accept the mode of trial and disposition of his case provided by the statute. It was an express offer to accept the whole statute, with all its provisions. It was a waiver of any objection to the introduction of the report as evidence to the jury, in case there should be a jury trial.

The case of *Fulford* v. *Converse*, then, is fully in point, and decisive of this case. The report being conclusive unless impeached by evidence, the plaintiff cannot impeach it by becoming nonsuit.

CUSHING, C. J. The case of *Pollard* v. *Moore*, 51 N. H. 188, may be cited as resting on the same principle. There a mill-owner, under the act of 1868 for the encouragement of manufactures, had filed his petition for the assessment of the land-owner's damages. The damages having been assessed, it was held that the petitioner could not avoid the effect of this assessment by becoming nonsuit. To the same effect is *Farmington* v. *Copp*, 56 N. H. 218.

LADD, J., concurred.

*Exceptions overruled.*