JACOB BENTON v. GEORGE BELLOWS, AND JOHN BELLOWS, Tr.

CYRUS WHEELER v. THE SAME.

FRANCIS RICHARDSON v. THE SAME.

ALBERT S. TWITCHELL v. THE SAME.

In an action committed by order of court, under the referee law of 1874, to a referee, upon whose report the plaintiff has elected a jury trial, the plaintiff, if the report cannot be used as evidence to the jury, may, at any time before the commencement of the trial, become nonsuit.

FOREIGN ATTACHMENT. The first two actions at the November term, 1874, were, by order of court, under the act of 1874, committed to a referee, who reported at the November term, 1875, in favor of the trustee, and the plaintiffs elected a jury trial. In the other two actions, the plaintiffs elected trial by jury, after taking the deposition of the trustee. At the October term, 1879, neither case having been opened to the jury, the plaintiffs severally moved to become nonsuit, the trustee objecting unless he should be first discharged.

*Benton & Hutchins, Twitchell & Evans*, and *Ladd & Fletcher*, for the plaintiffs.

*Ray, Drew & Jordan* and *W. & H. Heywood*, for the trustee.

ALLEN, J. Ordinarily the plaintiff may, as a matter of right, become nonsuit at any time before his case is opened to the jury (*Judge of Probate* v. *Abbot*, 13 N. H. 21); and no reason appears why, in the last two cases, which were not referred, the motion for a nonsuit should not be allowed. The right to become nonsuit has been denied in cases upon which an auditor or referee has reported, upon the ground that it would be unequal and unjust to permit the plaintiff the privilege of overcoming an adverse report by a nonsuit, instead of by evidence upon a trial. *Fulford* v. *Converse*, 54 N. H. 543; *Haskell* v. *Whitney*, 12 Mass. 47. If the referee's report in the first two cases would be evidence on the trial, the plaintiffs could not, as matter of right, destroy the legal advantage which the defendant had of a report conclusive, unless overcome by evidence. The doctrine of *King* v. *Hopkins*, 57 N. H. 334, and *Copp* v. *Henniker*, 55 N. H. 179, may be applied in the disposition of these cases. It is not, however, intended to affirm or disaffirm the correctness of the decisions in those cases, nor is it to be understood that the decision of the cases here is to be regarded as a precedent for deciding any future case. The plaintiffs may become nonsuit.

*Motion granted.*

STANLEY and SMITH, JJ., did not sit: the others concurred.