BRAY and others *against* ENGLISH and others :

#### IN ERROR.

A submission to referees by rule of court being irrevocable; and it being incidental to their power, where the rule makes no provision on the subject, to appoint the time and place of trial; if either party, upon due notice, refuse or neglect to attend, the referees may proceed *ex parte.*

Nor can such power of the referees be controuled by an agreement between the parties at the time of the submission.

THIS was an action against the present plaintiffs in error for a disturbance in the enjoyment of a shad-fishery in *Ousatonnick* river.

The cause, while pending in the county court, was referred, at the desire of the parties, to *Asa Chapman, Benjamin Stiles,* and *Shadrach Osborne,* Esqrs. who were appointed referees pursuant to the statute(*a*). They afterwards made their report, stating that they met at the house of *A. B.* in *Derby,* on the 23d of *February* 1815, when and where the defendants appeared with their witnesses, but the plaintiffs neglected to appear to prosecute their action, and thereupon finding that the defendants were *not guilty,* and awarding to them their costs.

The plaintiffs remonstrated against the acceptence of this report, and stated the following facts. At the time the referees were appointed, it was agreed by the plaintiffs and defendants, that the time of meeting for a hearing of the cause should be subsequently agreed on by the parties, and should be when all persons concerned could attend. In pursuance of this understanding, the parties soon afterwards agreed to meet at the house of *A. B.* in *Derby,* mentioned in the report, on the 10th of *January* 1815, notice of which was seasonably given to the referees. The parties met at said time and place with their counsel and witnesses, fully prepared for trial; but *Asa Chapman,* Esq. one of the referees, did not attend; and no trial was had, or adjournment made to any other time. The referees and the defendants met

(*a*) *Tit.* 12. *s.* 3.

again, at the same place, on the 13th of *February*; but the plaintiffs did not attend, and nothing was done. Soon afterwards, the referees, at the request of the defendants, and without the knowledge or consent of the plaintiffs, appointed the 23d of *February*, at the same place, for the trial of the cause; and issued a citation to the plaintiffs to meet accordingly, which was duly served. The plaintiffs being unable to prepare for trial, and to attend with their counsel and witnesses, at that time and place, gave notice thereof in due season, to the defendants and to the referees, requesting them not to meet, as it would only make needless expense. The referees, notwithstanding, did meet, at the time and place appointed. The defendants attended with their counsel and witnesses, although they well knew that the plaintiffs would not, and could not, attend. The referees, at the request of the defendants, in the absence of the plaintiffs, and without hearing any witnesses on either side, made up and signed their report in favour of the defendants, and taxed 48 dollars 7 cents for their services, and 45 dollars 12 cents as the defendants' costs.

The remonstrance further stated, that the action was brought to try the title of the plaintiffs to the fishery; that the defendants claimed title to the same, and on that ground their defence rested; and that the merits of the cause had never been tried.

The court found the allegations in the remonstrance to be true, but adjudged them insufficient; accepted the report; and rendered final judgment thereon in the defendants' favour. On a writ of error in the superior court, that judgment was reversed. The present writ of error was then brought by the original defendants.

*N. Smith* and *Bristol,* for the plaintiffs in error, contended, 1. That there was no unfairness on the part of the referees. Their report was made upon full notice to all parties, and was properly accepted. The only objection to their conduct is, that they proceeded *ex parte.* This power they have necessarily; for otherwise one of the parties, by non-attendance, might defeat the object of the reference. 1 *Bac. Abr.* 212. (*Wils.* edit.)

2. That referees derive their powers from the law, and the act of the court appointing them.

3. That the agreement set up in the remonstrance was designed only for the convenience of the parties, and can neither enlarge, controul or impair the authority of the referees.

4. That no *fraud* appears to have been practised, by the party in whose favour the report was made, in obtaining it.

*Staples* and *Wales,* for the defendants in error, contended,

1. That by our statute, the appointment of referees is founded on the agreement of the parties ; and the referees are to be governed throughout by such agreement, so far as it is reasonable, and not inconsistent with established rules of law. The agreement in question was perfectly reasonable and legal ; and had the implied sanction of the court at the time of the appointment ; for in consideration of it, the court prescribed no time for the hearing.

2. That if there had been no agreement in this case, and if the rule had been general, the referees would have no such power as they assumed. The principle on which they proceeded, was, that referees may compel the attendance of the plaintiff by awarding on the merits *ex parte.* This principle cannot be supported.

3. That this report was made under such circumstances that it ought to be set aside. The conduct of the defendants in procuring a meeting of the referees at a time and place at which the plaintiffs could not attend, as the defendants well knew, was *fraudulent.*

4. That it does not appear from the record that the referees were *sworn.* This omission is fatal. Even the form of the oath is prescribed by statute.(*a*)

5. That the cause referred was not a *personal action,* and therefore not a subject of reference within the statute.

6. That it was not within the province of the referees to award against the plaintiffs the expenses of the reference, and the costs of suit. *Candler* v. *Fuller, Willes* 62. *George* v. *Lousley,* 8 *East* 13.

SWIFT, Ch. J. The agreement respecting the time of meeting for a hearing by the referees, was no part of the submission, and, as such, cannot be noticed by the court ; but if it was made use of to practice a fraud, and while the plain-

(*a*) *Tit.* 123. *c.* 3. *s.* 6.

tiffs relied upon it, the defendants, in violation of it, procured the referees to notify a meeting, when the plaintiffs were absent, or under such circumstances that they could not have a fair trial, it might then be considered as a ground for setting aside the award. But in this case, it appears that actual notice was given to the plaintiffs ; and it was in their power to have attended, and for any proper cause moved the referees to postpone the hearing. Instead of this, they only sent a message that they could not, and should not, attend ; and that it would be useless to proceed to a hearing. If they sustained any damage or inconvenience, it is not imputable to the defendants, but to their own neglect in not making a proper application to the referees.

When a submission is made by rule of court, it is irrevocable ; for the object is to place the parties in a situation that either may compel the other to make a final settlement of the dispute. If no provision is made to the contrary, it is incidental to the power of referees or arbitrators to appoint the time and place of trial, and to proceed therein according to their discretion. They may adjourn from time to time, as the case may require. It is the duty of the parties to appear before them, and proceed to trial ; and if either should refuse, it then results from the nature of the submission, that the referees may proceed to an *ex parte* hearing ; for otherwise either party might defeat the trial, and indirectly revoke the submission. In cases where the plaintiff only claims damages, if the defendant should refuse to appear, the referees might examine the witnesses for the plaintiff, and ascertain and award the sum due. If the plaintiff refuses to appear, there need be no enquiry ; for on failure of proof, the referees must award in favour of the defendant. But if there are mutual claims, they may make proper enquiries to ascertain the claims, and award accordingly. In this way, the parties may be compelled to a final settlement of the controversy submitted. It is true, where a plaintiff is before a court of law, he can withdraw his suit at pleasure, and commence a new action ; but by his submission by rule of court, he has waived this privilege, and has given an irrevocable power to the referees to decide the question. Such construction ought to be given to the statute as will enable courts to carry into effect this voluntary agreement of the parties. By giving the referees the

*Hartford,*
June, 1816.

Bray
*v.*
English.

power of an *ex parte* hearing, they are enabled to compel the parties to proceed to a final hearing; but if no such power is given, then the parties may indirectly revoke the submission, or some other measure must be taken by the court before whom the submission is made to compel the parties to proceed. This can be done only by process of contempt; a process never adopted in this state, and which would be much less effectual and convenient than to give the referees the power to proceed *ex parte*. If the court should order a nonsuit when the plaintiff refused to proceed, then he might bring another action; the controversy would not be settled; and the submission would not be irrevocable.

In order, then, to give full effect to the statute authorising submissions by rule of court, it is to be construed to give the arbitrators the power to proceed to an *ex parte* hearing and trial, in all cases where either party refuses to appear upon due notice being given; and there can be no more impropriety in subjecting the plaintiff upon an *ex parte* trial before arbitrators, that there is a defendant upon default of appearance in court.

I am of opinion that the judgment of the superior court is erroneous, and that it be reversed.

In this opinion the other Judges concurred.

Judgment reversed.