CORNELIUS C. PARMELEE *vs.* AMOS ALLEN.

Where the title to real estate is submitted to arbitration, but the submission is not executed in the manner prescribed by the statute, (Rev. Stat., tit. 29, § 21,) the award can not pass the title. Whether it might not have some effect upon the rights of the parties : *Quere.*

Where arbitrators on such a submission, embracing also matter for damages award damages in connection with an award of land, and the damages are materially affected by the award of the land, that part of the award is void.

Where however several distinct matters are submitted to arbitration and distinctly awarded upon, the award may be void for a part and yet good for the residue.

Where arbitrators, on a submission of title to land and sundry matters of damages but not so executed as to authorize an award of title, awarded as to the location of a division line between the parties, and also awarded damages, and stated in the award that "*P* has encroached, which we take into the account," it was held that it could not be inferred that the damages were awarded for the land, but that they would be presumed to be only for the trespass.

A declaration in an action on an award averred that the award was, that the defendant should pay the sum awarded on demand. The award was that the money should be paid by the defendant to the plaintiff and should be in full settlement of all demands between them when the other acts awarded to be done by them should be done. Held, that the last clause was not intended to affect the time when the money should be paid.

Where an award directs the payment of money by one of the parties to the other, without prescribing the time of payment, such payment is to be made on demand, and may be so averred.

SUIT on an award ; tried in the superior court, before *Phelps, J.* Judgment for the plaintiff and motion for a new trial by the defendant. The case is sufficiently stated in th. opinion.

*Graves,* with whom was *Cothren,* in support of the motion.

*O. S. Seymour* and *Andrews,* contra.

DUTTON, J. The parties to this suit submitted to arbitration " all matters of controversy subsisting between [them,] whether debt, damages, costs, title to lands, or any other matters whatsoever." The arbitrators by their award established certain lines and boundaries, fixing one line " as the fences now stand, including a piece of stone wall near the south-west-

erly part of their division fences, where said Parmelee has slightly encroached on said Allen, which we take into account in the assessment of damages between the parties." They further award, " that on examining and assessing the sums respectively due to each other for damages, costs, &c., in the matter submitted to us, and striking a balance between them, we find a balance due from said Allen to said Parmelee of fifteen dollars and eighty-three cents, which we award to be paid by said Allen to said Parmelee, to be in full settlement and satisfaction of all suits, claims, causes of action and of all matters in dispute between them, submitted by them to us, when the other matters directed to be done are performed."

This suit was brought to recover the money so awarded.

The first objection made by the defendant to a recovery is, that the submission, so far as the title to land was concerned, not being in conformity with the provisions of the statute, (Rev. Stat., tit. 29, § 21,) did not authorize the arbitrators to award on that subject, and inasmuch as they have embraced a small portion of land in their award by directing the line to be drawn so as to leave a portion of Allen's land on the other side of the division line, this renders the whole award void. There is no doubt that since the passage of the act referred to such an award does not pass the title, and does not preclude the owner from claiming it. Whether it would subject the party to damages if he should claim and recover it, it is unnecessary now to inquire. It is also well settled that if this part of the award materially affects the balance found due, it would render that part of the award void also. But as arbitrations are designed to prevent litigation, although they often as in this case promote it, they are regarded in law with much favor. If several distinct matters are submitted, the award as to some of them may be good while it is void as to the residue. If the parties agree to submit all their disputes, and in fact only submit a part, the award will be binding as to that part. The sum found due by these arbitrators is the balance of mutual " damages, costs, &c." The arbitrators had full power to award as to damages and costs. What is included in the " &c." does not appear. The defendant insists that it includes

Allen's land on Parmelee's side of the fence. But all that the arbitrators say is that "Parmelee has encroached, which we take into the account." It can not be inferred necessarily, nor even probably, that they estimated any damages except for the trespass by encroachment. We think therefore that the award as to the balance due is valid.

The defendant however strongly insists that if this view is correct, there is a fatal variance between the award and the declaration. The allegation in both counts is that the sum was payable " on demand."

The defendant in the first place insists that by the fair construction of the award the money was not payable till the acts to be done by the plaintiff had been performed. But the expression " when the other matters herein directed to be done are performed," evidently refers to the words immediately preceding them, regarding the settlement of all matters in dispute, and not to the time of paying the sum awarded.

Another objection on the ground of variance is of a more technical character. It is insisted that the allegation in the declaration should have been that the money was payable " in a reasonable time," and a remark in Kyd on Awards, (page 204,) is referred to. This authority seems to countenance the objection. But we see no good reason for making a distinction between an award and a note of hand. In *Bacon* v. *Page*, 1 Conn., 404, a note of hand without specifying when the money was payable was held to be payable on demand. The same doctrine was held in *Whitlock* v. *Underwood*, 2 Barn. & Cress., 157. In *Thompson* v. *Ketchum*, 8 Johns., 189, such a note was held to be payable immediately, and Kent, C. J., says, page 192, that if in any contract no time for payment is mentioned the law adjudges the money to be payable immediately. This is perhaps the most correct view, and in such cases the form of declaring is to allege that the money was to be paid on demand, or in a reasonable time, indiscriminately. Indeed there is no substantial difference between them. Where money is due it is reasonable to make an immediate demand, and thus the reasonable time and the

demand become identical. The declaration in this case follows the usual form of declaring on awards in which the time is specified for the money to be paid. 2 Swift Dig., (Rev. ed.) 480, 481, 482; 2 Chitty Pl., 119, 189.

A new trial is not advised.

In this opinion the other judges concurred.