21 N.J. Super. 234 (1952)
91 A.2d 103
IN THE MATTER OF THE DESIGNATION OF A THIRD ARBITRATOR OR UMPIRE IN THE ARBITRATION BETWEEN ISADORE ARONOWITZ, ISIDOR BERMAN AND SAMUEL SCHLOSMOWITZ, T/A WEAVETEX MILLS, A CO-PARTNERSHIP, PETITIONER-RESPONDENT,
v.
REYVILLE TEXTILE CORPORATION, A CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 25, 1952.
Decided August 28, 1952.
*236 Before Judges WILLIAM A. SMITH, FREUND and GOLDMANN.
Mr. Morris M. Schnitzer argued the cause for the appellant (Mr. A. Victor Koch, attorney).
Mr. Abraham Brenman argued the cause for the respondent (Messrs. Brenman and Susser, attorneys).
The opinion of the court was delivered PER CURIAM.
Reyville Textile Corporation appeals from a judgment of the Law Division displacing the third, impartial arbitrator in an arbitration pending between it and Weavetex Mills. The judgment did not appoint a successor.
The action below was a summary proceeding, commenced by notice of motion and annexed affidavit. This procedure violated both Rule 3:79-2, requiring the use of a verified complaint, and Rule 3:79-3, which specifies an order to show cause as process.
Even had the prescribed procedure been followed, jurisdiction to entertain or decide a summary proceeding for the removal of the arbitrator was wholly lacking. Resort to summary proceedings is strictly limited to actions permitted to proceed in a summary manner by statute or by rule. Rule 3:79-1. Neither statute nor rule authorizes summary proceedings for the alteration or revision of an arbitration agreement by the removal of an arbitrator named therein. Although the Arbitration Act permits summary proceedings to compel a party to an arbitration agreement to proceed with arbitration (N.J.S. 2A:24-3), or for naming an arbitrator under certain circumstances (N.J.S. 2A:24-5), it contains no provision permitting summary proceedings to remove an arbitrator.
Every written arbitration agreement is, in every particular, "valid, enforceable and irrevocable, except upon such grounds as exist at law or in equity for the revocation of a contract," (N.J.S. 2A:24-1), a species of relief for which a plenary action is the required procedure. Shuster v. Board *237 of Education of Hardwick Township, 8 N.J. Super. 415 (Ch. Div. 1950), and see O'Brien v. Baldwin, 2 N.J. Super. 134 (App. Div. 1949).
Respondent contends that the judgment displacing the arbitrator is interlocutory and not appealable. No authority is cited. If regarded as interlocutory, the judgment is nevertheless appealable under Rule 4:2-2(a) (3), the trial court having determined, contrary to law, that a summary proceeding conferred jurisdiction upon it over the subject matter, viz., the removal of the arbitrator designated in the arbitration agreement. Fischer v. Township of Bedminster, 5 N.J. 534 (1950). However, the judgment was final rather than interlocutory; by removing the arbitrator the court disposed of the action finally and completely.
Judgment reversed.