MARY W. DEWART *v.* NORTHEASTERN GAS TRANSMISSION COMPANY

BALDWIN, INGLIS, O'SULLIVAN, QUINLAN and WYNNE, Js.

Argued October 7—decided December 1, 1953

*Daniel F. Wheeler,* with whom, on the brief, was *Arthur C. Williams,* for the appellant (defendant).

*C. Driscoll Grimes,* with whom was *William T. Cahill,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff brought an application to the Superior Court under § 8153 of the General Statutes for an order directing the defendant to proceed with an arbitration pursuant to a written agreement. The defendant filed an answer which contained a special defense and a counterclaim. The plaintiff demurred to both. The court sustained the demurrers and the defendant has appealed.[2]

The following pertinent facts are alleged in the pleadings: The plaintiff owned certain premises in the town of Greenwich. The defendant proposed to construct and maintain a pipe line for the transmission of gas across these premises. On August 2, 1951, the parties agreed in writing to submit to arbitration the determination of the sum to be paid the plaintiff as damages. The contract recited the names of three arbitrators. It described one as having been chosen by the plaintiff, another by the defendant, and a

---

[2] By stipulation, appeals in the following cases in the Superior Court in Fairfield County were combined with the present appeal: No. 88073, *Glenville Power & Water Co.* v. *Northeastern Gas Transmission Co.;* No. 88070, *Hess* v. *Northeastern Gas Transmission Co.;* No. 88071, *McAlpin* v. *Northeastern Gas Transmission Co.;* No. 88074, *Untermyer* v. *Northeastern Gas Transmission Co.;* No. 88075, *Yandell* v. *Northeastern Gas Transmission Co.*

third, Kenneth Ives, as having been "chosen and agreed upon by both." The facts relied upon by the defendant in support of its special defense and counterclaim are that on or about March 27, 1952, Ives had served in "a similar capacity as a third and purportedly impartial arbiter under a similar arbitration agreement" between the defendant and Ralph V. and Betty M. Sollitt. Subsequent to the signing of the award in that case by a majority of the arbitrators, Ives admitted that there was an error in the amount, due to the incorrect inclusion of certain items for depreciation. The defendant requested that it be corrected but Ives refused. The third arbitrator declined to sign the award and filed a minority report. A motion was made by the Sollitts to confirm the award (*Sollitt* v. *Northeastern Gas Transmission Co.,* Superior Court, Fairfield County, No. 86882), but the defendant paid the sum awarded before the motion was heard because the delay caused by contesting it would have impeded the construction of the company's gas line and caused an incommensurate loss. The defendant claims that the conduct of Ives showed that he is not a fair and impartial arbitrator and that therefore the application for an order directing it to proceed to arbitration should be denied and its counterclaim, asking that Ives be removed and that another arbitrator be appointed, should be granted.

These are summary proceedings under the arbitration act. General Statutes, c. 398. The basic question is whether the court, in such proceedings, has the jurisdiction to grant the relief claimed by the defendant. Section 8151 of the act provides that arbitration agreements "shall be valid, irrevocable and enforceable, except when there shall exist sufficient cause at law or in equity for the avoidance of

written contracts generally." See *International Brotherhood of Teamsters* v. *Shapiro,* 138 Conn. 57, 63, 82 A.2d 345; *Bray* v. *English,* 1 Conn. 498, 501. This means that an arbitration agreement, like any other, can be declared void for fraud, misrepresentation, duress or undue influence, among other reasons not pertinent here. See 6 Williston, Contracts (Rev. Ed.) p. 5369. The defendant does not attack the contract directly, as was the situation in *International Brotherhood of Teamsters* v. *Shapiro,* supra. It makes no claim that the plaintiff has participated in any way to bring about the claimed disqualification of the arbitrator. It merely asks for the summary removal of Ives and the appointment of another arbitrator. Ives was appointed by the combined act of both parties, and the defendant is as responsible for him as the plaintiff is. He is an arbitrator by virtue of the contract between the parties and not by order of court.

Section 8154 states that if a written agreement to arbitrate provides a method of appointing an arbitrator, that method shall be followed, but if the contract provides no method, or if a party fails to avail himself of the method provided, or if for any other reason there is a failure to name an arbitrator, or in case of an arbitrator's death, inability or refusal to serve, the court, upon application of a party to the arbitration agreement, may appoint one. There is nothing in this statute or any other which gives the court the power, in a summary proceeding, to remove an arbitrator named in the arbitration agreement between the parties. Furthermore, the acts of the arbitrator complained of have no connection whatsoever with the instant proceeding. They arose out of another matter altogether. It cannot be known whether the claimed disqualification

of Ives which is alleged to have affected the award in the *Sollitt* case will also affect this one, until the proceedings are had and the award made. Section 8161 (b) of the General Statutes provides that the court may vacate an award for "evident partiality or corruption on the part of the arbitrators or either of them." This affords the defendant an ample and timely method of redress. The court is without jurisdiction in this summary proceeding to declare, in effect, that the clause of the contract appointing Ives is void and to require the parties to appoint another arbitrator or make that appointment itself.

The federal and state statutes concerning arbitration generally, as well as our own, contain no provision for the summary removal of an arbitrator because of his bias or prejudice during the proceedings. 6 Williston, Contracts (Rev. Ed.) p. 5383. The submission of disputed matters to arbitration will not be encouraged, as it should be, if, during the proceedings and before an award, either party can come into court in a summary proceeding not sanctioned by statute and challenge the qualifications of an arbitrator. *San Carlo Opera Co.* v. *Conley,* 72 F. Sup. 825, 832, aff'd, 163 F.2d 310; *Aronowitz* v. *Reyville Textile Corporation,* 21 N.J. Super. 234, 236, 91 A.2d 103. The defendant points to language in § 8153 which authorizes the court to grant or deny the application for an order requiring a party to proceed with arbitration, "according to the rights of the parties." It also calls to its aid the provisions of § 8165 which empower the court to "make forthwith such order or decree, issue such process and direct such proceedings as may be necessary to protect the rights of the parties pending the rendering of the award." These provisions manifest the expressed intention of the legislature that the

court shall have the necessary power to effectuate the jurisdiction specifically conferred by the act. They do not authorize the court to take the action which the defendant's special defense and counterclaim call for.

The court was correct in sustaining the demurrers. There is no error.

In this opinion the other judges concurred.