GAER BROTHERS, INC., ET AL. *v.* JOSEPH P. MOTT ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued February 5—decided March 12, 1957

*Harry L. Nair,* for the appellant (named plaintiff).

*Jacob Bresnerkoff,* for the appellees (defendants Mott).

BALDWIN, J. This is an appeal by the named plaintiff from a judgment rendered upon the failure to plead further after demurrers to the complaint were sustained.

The complaint alleged the following: The plaintiff Meyer Gaer is an officer of the plaintiff Gaer Brothers, Inc., a corporation engaged in the wholesale grocery business. The defendants Joseph P. Mott and Esther M. Mott operate several supermarkets through one or more corporations owned or controlled by them. The defendants Julius Apter and Milton Nahum are attorneys at law practicing their profession in Hartford. On April 23, 1953, Gaer Brothers entered into a written agreement for the sale to the Motts of such of the commodities handled by Gaer Brothers as the Motts ordered. The

latter agreed to pay for the commodities according to a price formula. The agreement contained the following provision relating to the arbitration of any disputes between the parties. "In the event of a dispute on any matter pertaining to this Agreement, which cannot be settled amicably by the parties themselves, same shall be submitted for arbitration to Attorneys Julius Apter and Milton Nahum. A unanimous decision in writing signed by said Attorneys shall be binding upon both parties hereto." On or about January 1, 1954, Gaer Brothers began to deliver merchandise pursuant to the agreement. A dispute having arisen, the Motts, by their attorney, on October 10, 1955, invoked arbitration proceedings under the agreement, and on October 12 Apter and Nahum fixed a day for a hearing which was continued from time to time until March 20, 1956. On that date, Gaer Brothers and the Motts appeared by their attorneys before the arbitrators. Gaer Brothers then objected to the arbitration of any dispute by Apter and Nahum on the ground that they were partial to the Motts and were not qualified to act as arbitrators. Notwithstanding the objection, the arbitrators refused to disqualify themselves. Counsel for the Motts caused to be issued subpoenas duces tecum commanding the plaintiffs to appear before the arbitrators and produce a variety of documents, in excess of 250,000 in number. The direction to produce these documents is "burdensome, oppressive and wholly without justification," and the subpoenas were issued "for the purpose of harassing the plaintiffs." Despite objection to the subpoenas by the plaintiffs, the arbitrators ordered full compliance with them.

The grounds claimed for the disqualification of the arbitrators will be related in detail later in this opinion.

The plaintiffs claimed an injunction restraining the defendants Apter and Nahum from acting as arbitrators, and all the defendants from enforcing the subpoenas; a judgment declaring the arbitrators disqualified; and orders appointing new arbitrators and quashing the subpoenas, together with such further relief as to equity might appertain.

The defendants Mott demurred to the complaint and to certain of the prayers for relief: as to the complaint, because it, in effect, was an application to remove arbitrators appointed under a written agreement, because it did not allege facts justifying the intervention of the court, and because there is an adequate remedy at law under § 8161 of the General Statutes; as to the prayers for relief, because the court is without power to grant the relief sought; as to both, because the same issues and facts were decided in *Gaer Bros., Inc.* v. *Mott,* Superior Court, Hartford County, No. 103925. The trial court sustained the demurrers and the named plaintiff has appealed.

This is a plenary action which seeks to invoke the equitable powers of the court. See *Bisnovich* v. *British America Assurance Co.,* 100 Conn. 240, 250, 123 A. 339; *Brown* v. *Green,* 7 Conn. 536, 542; Sturges, Commercial Arbitrations & Awards, § 367. It is not an application to the Superior Court under General Statutes § 8153 for the removal of an arbitrator, as in the case of *Dewart* v. *Northeastern Gas Transmission Co.,* 140 Conn. 446, 101 A.2d 299, upon which the defendants Mott rely. The rule in that case does not control here. General Statutes § 8151 provides that parties may enter into a written contract to arbitrate controversies between them, which contract shall be "valid, irrevocable and enforceable, except when there shall exist sufficient

cause at law or in equity for the avoidance of written contracts generally." [1] Referring to the portion of the statute here quoted, we held in the *Dewart* case, supra, 449, that an arbitration agreement, like any other, can be avoided for fraud, misrepresentation, duress or undue influence, among other reasons. *International Brotherhood of Teamsters* v. *Shapiro,* 138 Conn. 57, 63, 82 A.2d 345; *Bray* v. *English,* 1 Conn. 498, 501; 6 Williston, Contracts (Rev. Ed.) p. 5369.

The complaint in this action alleges the partiality and bias of the arbitrators for several reasons concerned with their relationships, professional and family, with the defendants Mott. The plaintiffs are not asking for such relief as the arbitration statutes afford. They have brought a plenary action seeking to invoke the complete equitable powers of the court. This court early expressed the view that arbitration, being designed to avoid litigation and secure prompt settlement of disputes, is favored by the law. *Parmelee* v. *Allen,* 32 Conn. 115, 116; *Local 63, Textile Workers Union* v. *Cheney Bros.,* 141 Conn. 606, 612, 109 A.2d 240, and cases cited. If parties are to be encouraged to use the arbitration process and forgo litigation in the courts, they are entitled to have in

---

[1] "Sec. 8151. AGREEMENTS TO ARBITRATE. An agreement in any written contract, or in a separate writing executed by the parties to any written contract, to settle by arbitration any controversy thereafter arising out of such contract, or out of the failure or refusal to perform the whole or any part thereof, or a written provision in the articles of association or by-laws of an association or corporation of which both parties are members to arbitrate any controversy which may arise between them in the future, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable and enforceable, except when there shall exist sufficient cause at law or in equity for the avoidance of written contracts generally."

arbitration proceedings the same degree of impartiality as the courts afford. Public policy requires, under circumstances such as are present in the instant case, that arbitrators not only be completely impartial but also have no connection with the parties, or the dispute involved, which might give the appearance of their being otherwise. We are aware of the decision of the New York Court of Appeals in *Matter of Amtorg Trading Corporation (Camden Fibre Mills, Inc.)*, 304 N.Y. 519, 109 N.E.2d 606. We do not believe it furnishes an applicable rule for the disposition of the case at bar. It does not appear from the complaint whether the plaintiffs, at the time the agreement was made, knew of the relationships of the arbitrators with the defendants Mott which the plaintiffs now charge disqualify the arbitrators, or, at least, the full nature and purport of those relationships. Until the facts are fully developed, it is impossible to determine whether the arbitrators are disqualified because of those relationships. The allegations of the complaint are designed to permit proof of the facts. Furthermore, the complaint contains this specific allegation: "The defendants, Julius Apter and Milton Nahum, are disqualified from acting as such arbitrators because they are biased and prejudiced in favor of the defendants, Joseph P. Mott and Esther M. Mott, and are not fair and impartial and disinterested arbitrators and have been colluding with the defendants, Joseph P. Mott and Esther M. Mott, to deprive the plaintiff, Gaer Bros., Incorporated, of a fair and just arbitration contemplated by the said agreement of April 23, 1953."

The allegations of a complaint must, upon demurrer, be accorded "the same favorable construction that a trier might deem itself required to give in admitting evidence under them to prove a cause

of action." *Rutt* v. *Roche,* 138 Conn. 605, 609, 87 A.2d 805. In law, collusion is a species of fraud. Bouvier's Law Dictionary (Rawle's 3d Rev.); see *Mills* v. *Mills,* 119 Conn. 612, 619, 179 A. 5. We are concerned here only with the purport of the allegations and not with the question whether the plaintiffs can prove them. When there is no adequate remedy at law, the party claiming injury through partiality and fraud can invoke the equitable powers of a court for an appropriate remedy. The statutes relating to arbitration afford no remedy for partiality or collusion of the arbitrators until after an award has been made. General Statutes § 8161; *Dewart* v. *Northeastern Gas Transmission Co.,* 140 Conn. 446, 450, 101 A.2d 299. In their complaint, the plaintiffs allege that unless the arbitration is stayed they will be required to submit to a prolonged, costly proceeding and that this unfair burden can readily be avoided upon proof, in this action, of bias and collusion. Fraud and partiality vitiate an award under our statutes as well as under the common law. General Statutes § 8161; Sturges, Commercial Arbitrations & Awards, § 367. If courts can set aside an award for the partiality and collusion of arbitrators, they should have the power to interrupt proceedings when, in a plenary action before an award, one of the parties can prove partiality and collusion in the arbitration proceedings. See *Greenspan* v. *Greenspan,* 129 N.Y.S.2d 258, 262.

The demurrer to the prayers for relief raises the further question whether the court can appoint new arbitrators. General Statutes § 8154 provides that "in case of death, inability or refusal to serve of any arbitrator," the court, upon application by a party to the arbitration agreement, shall appoint an arbitrator or arbitrators. Since the arbitration statutes

are remedial in nature, they should be given a liberal construction. *Bania* v. *New Hartford,* 138 Conn. 172, 175, 83 A.2d 165. The word "inability" as used in the statute suggests a lack of power for any reason and .embraces inability for legal reasons. If the court should enjoin the defendant arbitrators from acting, there would most certainly be an inability to serve, and the statute empowers the court to appoint new arbitrators. While this is a plenary suit in equity, the plaintiffs have asked, in the event that the defendant arbitrators are enjoined from acting, for the appointment of new arbitrators. We construe this prayer for relief as an application within the terms of § 8154 which the court can entertain. To hold otherwise would be a concession to a technicality of doubtful validity at the cost of forcing the plaintiffs to bring a new and separate action when the relief sought could be given in this one.

The claim of the defendants Mott that *Gaer Bros., Inc.* v. *Mott,* Superior Court, Hartford County, No. 103925, renders the issues in this case res judicata is without merit because the claim is improperly pleaded. Res judicata must be pleaded in an answer as a special defense. Practice Book § 102.

We conclude that the court erred in sustaining the demurrers to the complaint and the prayers for relief.

There is error, the judgment is set aside, and the case is remanded with direction to overrule the demurrers.

In this opinion the other judges concurred.