REGINALD HAYES *v.* THE TRAVELERS
INDEMNITY COMPANY OF AMERICA
(9877)

DUPONT, C. J., FOTI and LANDAU, Js.

Argued September 24, 1991—decision released January 21, 1992

*Kathleen S. Mass,* with whom, on the brief, was *Vincent R. Falcone,* for the appellant (plaintiff).

*Daphne R. Vayos,* with whom, on the brief, was *Terence A. Zemetis,* for the appellee (defendant).

LANDAU, J. The plaintiff, Reginald Hayes, appeals from the trial court's judgment denying his request for an order directing the defendant, The Travelers Indemnity Company of America, to proceed with a second arbitration pursuant to an uninsured motorist provision contained in the insurance policy issued to him by the defendant. We reverse the judgment of the trial court.

The parties have stipulated to the following facts. The defendant issued the plaintiff an insurance policy containing an uninsured motorist provision. While the policy was in effect, the plaintiff was involved in an automobile accident with an uninsured motorist and made a claim against the defendant under that provision. The matter proceeded to arbitration between September 13 and November 8, 1989, concerning whether the defendant was legally responsible for any damage suffered by the plaintiff and, if so, for what amount. On November 8, 1989, a finding and award was written and signed by the chief arbitrator and mailed to the second arbitrator who also signed the award and forwarded it to the third arbitrator. The third arbitrator neither received nor signed the award.[1]

On November 12, 1989, the chief arbitrator sent the plaintiff a bill for services, which contained the follow-

[1] The Connecticut arbitration statute, General Statutes § 52-414 (a), requires the signatures of only a majority of the arbitrators to render an effective award.

ing postscript: "Skip: I do not want to be paid on this file since we were unable to render an award on behalf of your client. Paul." Neither party received a copy of the award until April 23, 1990, over five months after the hearing had been concluded.

At a later hearing on the plaintiff's application for an order directing the defendant to proceed with arbitration, the trial court concluded that the bill for services that was sent to the plaintiff on November 12, 1990, constituted sufficient notice of the award as required by General Statutes § 52-416.[2] The court, therefore, denied the plaintiff's request for an order directing the defendant to proceed with a second arbitration.

The plaintiff claims that the trial court improperly found that he had been given notice of the arbitrators' award so as to comply with § 52-416. We agree with the plaintiff.

I

Initially, we must decide whether § 52-416 requires that notice of an arbitration award be given to the parties within the same statutory time frame as that in which the award must be rendered. "A primary rule of statutory construction is that if the language of the

---

[2] "[General Statutes] Sec. 52-416. TIME WITHIN WHICH AWARD SHALL BE RENDERED. NOTICE. (a) If the time within which an award is rendered has not been fixed in the arbitration agreement, the arbitrator or arbitrators or umpire shall render the award within thirty days from the date the hearing or hearings are completed, or, if the parties are to submit additional material after the hearing or hearings, thirty days from the date fixed by the arbitrator or arbitrators or umpire for the receipt of the material. An award made after that time shall have no legal effect unless the parties expressly extend the time in which the award may be made or by an extension or ratification in writing.

"(b) The award shall be in writing and signed by the arbitrator or arbitrators, or by a majority of them, or by the umpire. Written notice of the award shall be given to each party."

statute is clear, it is presumed that the words express the intent of the legislature. . . . The court must interpret the statute as written . . . and it is to be considered as a whole, with a view toward reconciling its separate parts in order to render a reasonable overall interpretation. . . . 'Each word used by the legislature should be given effect and, as far as possible, the entire enactment is to be harmonized.' " (Citations omitted.) *Ganim* v. *Roberts,* 204 Conn. 760, 763, 529 A.2d 194 (1987).

Applying these principles to the statutory language of § 52-416, we conclude that the time limit for the rendering of an award is equally applicable to the notification of the same. Section 52-416 (a) outlines the time frame within which the arbitrator or arbitrators must render an award. Specifically, § 52-416 (a) provides in pertinent part that "the arbitrator or arbitrators or umpire shall render the award within thirty days from the date the hearing or hearings are completed . . . . An award made after that time shall have no legal effect unless the parties expressly extend the time in which the award may be made by an extension or ratification in writing." Subsection (b) of § 52-416 defines what constitutes an award as referred to in subsection (a) and also states that written notice of the award shall be given to each party. Because the statute must be read as a whole, in such a manner so as not to render either section meaningless, the thirty day time limit for the rendering of an award is equally applicable to the notice of that award. We hold, therefore, that not only must the award be rendered within the thirty day time limit, but that notification of the award must also be given within the same thirty day time limit. The parties in this case were notified of the award on April 23, 1990, a date much beyond that provided in the statute. Therefore, unless the bill that was sent to the plain-

tiff on November 12, 1989, can be considered as the award itself, there was no award that had any legal effect.

## II

We next turn to the issue of whether the bill for services sent to the plaintiff on November 12, 1989, constitutes notice of the award so as to conform with the requirements of § 52-416. We conclude that it does not.

Although § 52-416 contains no specific requirements regarding the form or content of the notice that must be given, public policy dictates that notification of the award must "be sufficiently clear and definite by its own terms"; *Wolf* v. *Gould,* 10 Conn. App. 292, 301, 522 A.2d 1240 (1987); and the award must be "final as to the matters submitted so that the rights and obligations of the parties may be definitely fixed." *Local 63, Textile Workers Union* v. *Cheney Bros.,* 141 Conn. 606, 617, 109 A.2d 240 (1954), cert. denied, 348 U.S. 959, 75 S. Ct. 449, 450, 99 L. Ed. 2d 748 (1955). Moreover, the award must be certain in the sense that there are no reasonable questions as to its meaning. Id., 616.

The bill for services forwarded to the plaintiff on November 12, 1989, fails to meet these requirements. The purpose of the bill for services was not to provide the required notification of the award, but rather to provide written forgiveness of the debt owed by the plaintiff. The rights and obligations of the parties were not fixed by the bill, nor can a clear and express understanding of the significance of the document be gleaned from the single statement that the arbitrators were "unable to render an award on behalf of your client." The information conveyed by the bill falls far short of the specificity required to enable the parties either to seek to have the award confirmed or vacated or to decide otherwise whether to commence the appeal process.

Both the plaintiff and the defendant were notified of the award on April 23, 1990, at a hearing on the plaintiff's motion for an application for an order to proceed with arbitration. The hearing took place more than five months after "the date the hearing or hearings [were] completed." General Statutes § 52-416. There is no indication that the parties waived the thirty day notification period. Because the bill for services did not constitute notice as contemplated by § 52-416, we find that the plaintiff was not notified of the arbitration award within the time allotted by statute.

The judgment is reversed and the case is remanded with direction to render judgment granting the plaintiff's application for an order to proceed with arbitration.

In this opinion the other judges concurred.