[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR ORDER ENFORCING SUBPOENA DUCES TECUM AND FOR ORDER REGARDING CROSS-EXAMINATION IN THE MATTER OF OFFICER BRENDA DIXON
This dispute arises out of an ongoing arbitration currently pending before a panel of the Connecticut State Board of Mediation and Arbitration of the Department of Labor. The arbitration concerns the circumstances leading to the termination from employment of Brenda Dixon, a police officer employed by the applicant City of Bridgeport Department of Police. The applicant asserts that it had good cause to fire Officer Dixon because she admitted to using certain controlled substances while a member of the police force, possession and use of which was a criminal offense and contrary to work rules.
Officer Dixon's union — the respondent here and the other party to the arbitration — claims that Officer Dixon sought treatment for any potential addiction through the applicant's employee assistance plan, was assured that her disclosures to avail herself of treatment would be kept confidential, and subsequently successfully completed treatment and continued her work for the police force, all before the discovery by her superiors of the prior possession and use to which she has admitted.
The scope of the submission to arbitration is whether the applicant had just cause to discharge Officer Dixon and, if not, what the remedy should be. As part of the union's case on her behalf, respondent submitted a letter from a psychiatrist with whom Officer Dixon had undergone aftercare. The letter states the opinion of the psychiatrist, Dr. Lazaro Pomeraniec, that as of January 17, 1991, the date of her discharge hearing before the Bridgeport Police Commission, Officer Dixon was "capable of returning to work to perform full police duties. . . ." The applicant now seeks to compel the testimony and the production of records from Dr. Pomeraniec for purposes of discovering and putting before the arbitration panel the "facts and criteria on which he based his expert opinion" and to "test the truth of Officer Dixon's statements regarding her treatment," Application for Order, para. 11, CT Page 3528 through the presentation of Dr. Pomeraniec as a witness at the arbitration.
To this end, the applicant issued a subpoena duces tecum to Dr. Pomeraniec, to which both the respondent and Dr. Pomeraniec object, the latter having moved to quash through his attorneys, who along with counsel for the applicant and for the respondent, have been fully heard at oral argument through the submission of memoranda and supporting documentation before this court.
One issue is the right to maintain privileged communications between psychiatrist and patient, and it is stipulated by all interested parties that, for purposes of the arbitration, Officer Dixon chooses not to waive her privilege. But the other issue here is the ability of the arbitration panel to go about its work unfettered by undue interference from this court.
When it was clear that the applicant sought to present evidence from Dr. Pomeraniec to the panel, the parties first proceeded, as they should have, to submit the issue to the panel for determination. The panel reviewed the procedural background and noted that the letter was offered only to show the irregularities attending the police commission hearing which resulted in Officer Dixon's discharge. (The letter had been refused by the Police Commission.) The arbitration panel declined to compel the testimony of Dr. Pomeraniec.[1] Rather the panel decided to defer decision on whether to compel the testimony of Dr. Pomeraniec until after the parties completed the presentation of their respective cases. Ruling of the Board, dated November 17, 1992. Although it is not so stated directly in the "Analysis and Discussion" section of the panel's decision, one may infer that the panel decided to allow the remainder of the evidence of each side to proceed to completion in order to see if the issue regarding the letter, whether it have probative value due to its content or due merely to its existence as a rejected exhibit before the police commission, would be further clarified. The relevance of the proffered testimony of the physician who wrote it could then be ruled upon.
Because the panel has not issued a ruling on the issue of whether it will compel the testimony of the Dr. Pomeraniec, but rather deferred such a ruling to a later point in the arbitration, any application to this court to compel his testimony or production of records, psychiatrist-patient privilege aside, would be in contravention of the statutes and regulations governing the CT Page 3529 arbitration process, not to say the public policy of allowing the arbitration process to proceed without undue judicial interference. See Dewart v. Northeastern Gas Transmission Co., 140 Conn. 446, 450
(1953); Daginella v. Foremost Ins. Co., 197 Conn. 26, 33-34 (1985); Garrity v. McCaskey, 223 Conn. 1, 4 (1992). Should the panel continue to decline to compel the testimony of Officer Dixon's physician, it may be that it does so because the issue it defines is the relatively narrow one of the procedure utilized by the Police Commission, or of the protection afforded to the confidences and treatment of an employee who utilizes the avenue of an employee assistance plan. In either of these cases, it may be that the testimony and records of Officer Dixon's psychiatrist is, for purposes of the arbitration, irrelevant. Should it later appear that the panel erroneously declined the offer of the applicant to present the testimony of Dr. Pomeraniec and that this refusal affected the panel's decision, the applicant has a remedy under Conn. Gen. Stat. Sec. 52-418(a)(3) and may apply to the Superior Court to vacate the award.
On the other hand, if the panel rules the testimony admissible and relevant and compels the doctor to testify, the issue of the right to invoke the privilege could be squarely presented to the court unobscured by its current convoluted and interlocutory posture.
The Application is denied.
PATTY JENKINS PITTMAN, JUDGE