[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#102)AND MOTION TO DISMISS (#104)
CT Page 10125
By complaint returnable April 18, 1995, the plaintiff, Martin Weinberg, brought an action in two counts against the defendants, Leon Helfand, Sterling Paper Corp. (Sterling), and Joseph Rosenman. In count one the plaintiff alleges that he was employed by Sterling, and that during his employment he had signed a shareholder's agreement which contained provisions regarding the buy-out of the plaintiff's stock under various circumstances. The plaintiff alleges that on May 30, 1994, his employment was terminated and soon thereafter a dispute arose under the agreement regarding the buy-out of his stock.
The plaintiff alleges that in the agreement the parties also agreed to settle any dispute by arbitration and that the arbitrator, in such an event, would be Rosenman. The plaintiff alleges that at the time that he agreed to Rosenman serving as the arbitrator he did not know various facts showing Rosenman's partiality to Helfand and Sterling. Accordingly, in count one the plaintiff seeks to remove Rosenman as arbitrator pursuant to General Statutes § 52-411 (b).
The plaintiff further alleges, in count two, that Helfand and Rosenman are actively seeking buyers for Sterling. The plaintiff seeks a preliminary injunction ordering that the plaintiff's thirty-five percent share interest in Sterling be preserved.
On April 25, 1995, Sterling and Helfand filed a motion to dismiss the plaintiff's complaint, on the ground that the court lacks subject matter jurisdiction, which was accompanied by a memorandum of law. On May 2, 1995, Rosenman filed a similar motion to dismiss and memorandum of law. On May 24, 1995, the plaintiff filed a memorandum in opposition to the defendants' motions to dismiss.
Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." A motion to dismiss "admits all facts which are well pleaded, invokes the existing record, and must be decided on that alone. . . . [w]here, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; footnote omitted; internal CT Page 10126 quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59,62, 539 A.2d 1000 (1988).
Subject matter jurisdiction has been defined as "the power of the court to hear and determine cases of the general class to which the proceedings in question belongs." Grant v. Bassmen, 221 Conn. 465,470, 604 A.2d 814 (1990). "[I]f the court has the authority to adjudicate a particular type of legal controversy" then subject matter jurisdiction is proper. Plasil v. Tablemen, 223 Conn. 68,71, 612 A.2d 763 (1993). Furthermore, every presumption favoring jurisdiction should be indulged. Connecticut Light Power Co. v.Castle, 179 Conn. 415, 421, 177 A.2d 753 (1980).
The defendants argue that the plaintiff's complaint should be dismissed because the court has no jurisdiction to review the plaintiff's claim of bias by the arbitrator until the arbitration is concluded.
In opposition to the defendants' motions to dismiss the plaintiff heavily relies upon Gaer Brothers Inc. v. Mott,144 Conn. 303, 130 A.2d 804 (1957). In Gaer, the plaintiffs sought an injunction prohibiting two individuals, that were named in the arbitration agreement as arbitrators, from acting as arbitrators because of alleged partiality and bias due to family and professional relationships with the defendants. Id., 305-07. The defendants demurred to the complaint and certain of the prayers for relief, which the trial court sustained.
The Connecticut Supreme Court recognized that "arbitration, being designed to avoid litigation and secure prompt settlement of disputes, is favored by the law. . . . If parties are to be encouraged to use the arbitration process . . . they are entitled to have in arbitration proceedings the same degree of impartiality as the courts afford. Public policy requires . . . that arbitrators not only be completely impartial but also have no connection with the parties, or the dispute involved, which might give the appearance of their being otherwise." (Citations omitted.) Id., 307-08. The court further stated that although "[t]he statutes relating to arbitration afford no remedy for partiality or collusion of the arbitrators until after an award has been made. . . . Fraud and partiality vitiate an award under our statutes as well as under the common law." (Citations omitted.) Id., 309. The court concluded that "[i]f courts can set aside an award for the partiality and collusion of arbitrators, they should have the power to interrupt proceedings when, in a plenary action CT Page 10127 before an award, one of the parties can prove partiality and collusion in the arbitration proceedings," and accordingly, set aside the judgment of the trial court and remanded the case with direction to overrule the demurrers. Id., 309-10.
Similarly, in Metropolitan Property and Casualty Ins. Co. v.J.C. Penney Casualty Ins. Co., 780 F. Sup. 885, 894 (D.Conn. 1991), the court stated that "it simply does not follow that the policy objective of an expeditious and just arbitration with minimal judicial interference is furthered by categorically prohibiting a court from disqualifying an arbitrator prior to arbitration. . . . [i]t seems senseless to require both parties to submit to a prolonged, costly proceeding [when] this unfair burden can readily be avoided upon proof, in this action of bias and collusion." (Internal quotation marks omitted.)
Furthermore, General Statutes § 52-422 provides that "[a]t any time before an award is rendered pursuant to an arbitration under this chapter, the superior court . . . upon application of any party to the arbitration, may make forthwith such order or decree, issue such process and direct such proceedings as may be necessary to protect the rights of the parties pending the rendering of the award . . . ."
In the present case, in count one the plaintiff alleges that at the time that he signed the arbitration agreement, and thereby agreed that Rosenman would serve as arbitrator, he knew that Rosenman was Sterling's accountant. The plaintiff alleges, however, that he did not know that Rosenman was Helfand's personal accountant, that Rosenman and Helfand are members of the same country club, and that they have a social, professional and business relationship. The plaintiff also alleges that Rosenman has stated that he represented Helfand's interest in a business offer and that Helfand's offer to the plaintiff in the shareholder's agreement at issue was "too much." These allegations of bias and impartiality on the part of Rosenman are similar to those alleged by the plaintiffs in Gaer. See Gaer Brothers, Inc.v. Mott, supra, 144 Conn. 308. In light of the purposes of arbitration, "to avoid litigation and secure prompt settlement of disputes," and public policy which requires not only that arbitrators be "completely impartial" but also have the appearance of impartiality, this court may interrupt arbitration proceedings when "one of the parties can prove partiality and collusion in the arbitration proceedings." (Citations omitted.) Id., 307-09. Furthermore, it would be "senseless" to require the plaintiff "to CT Page 10128 submit to a prolonged, costly proceeding [when] this unfair burden can readily be avoided upon proof, in this action of bias and collusion." See Metropolitan Property and Casualty Ins. Co. v.J.C. Penney Casualty Ins. Co., supra, 780 F. Sup. 894 (D.Conn. 1991). Accordingly, the defendants' motions to dismiss on the ground that the court is precluded from reviewing a claim of bias by the arbitrator until arbitration is concluded is denied.
The defendants further argue that the denial by the American Arbitration Association (AAA) of the plaintiff's request to disqualify Rosenman, in a letter dated January 5, 1995, is an "award," and therefore, this action should be dismissed as it is an improper attempt to vacate such award.
Section 52-416 (b) requires in pertinent part that an arbitration award "shall be in writing and signed by the arbitrator or arbitrators, or a majority of them, or by an umpire." Additionally, an arbitration award "must be final as to the matters submitted so that the rights and obligations of the parties may be definitely fixed." (Internal quotation marks omitted.) Hayes v.Travelers Indemnity Co., 26 Conn. App. 418, 422, 601 A.2d 555
(1992).
The AAA's denial of the plaintiff's request to disqualify Rosenman was not an award because the letter dated January 5, 1995, from the AAA was not signed by an arbitrator, and the denial of the request to disqualify Rosenman was not final as to all matters submitted to arbitration. See General Statutes § 52-416(b). In fact, the AAA stated, in a letter dated May 4, 1995, that "the decision of the Association to deem Joseph Rosenman as the arbitrator . . . was an administrative ruling, not an award." Accordingly, the motions to dismiss are denied on this ground.
Finally, in regard to count two of the plaintiff's complaint in which the plaintiff seeks a preliminary injunction, the defendants argue that the court lacks jurisdiction because the facts of the complaint are not verified.
"While Conn. Gen. Stat. section 52-471 requires the facts stated in an application for injunction to be verified by the oath of the plaintiff or some competent witness before the court may grant an injunction, it does not require the plaintiff to file a verified complaint or affidavit before the court may exercise jurisdiction over an action for an injunction. A party seeking injunctive relief may be allowed to verify its allegations at the CT Page 10129 time of trial and that a verified complaint or affidavit is only required when a party is seeking a temporary injunction without notice pursuant to Conn. Gen. Stat. section 52-473." DeMartino v.DiSora, Superior Court, JD of Ansonia/Milford at Milford, DN. 030509 (November 27, 1990) (Curran, J.). In DeMartino v. DiSora, supra, the court held that "[a]lthough the plaintiff has not specified in his complaint whether he is seeking a permanent or temporary injunction, the plaintiff is not required to submit a verified complaint or affidavit because the defendants in [the] case [had] notice as indicated by their appearance." See also Gardis v. Bloethe, 39 Conn. Sup. 53, 55-56, 467 A.2d 689
(1983).
The plaintiff in the present action is not seeking a temporary injunction, but is seeking a preliminary injunction "after notice and hearing." Furthermore, the defendants have notice as indicated by their appearances. Accordingly, the motions to dismiss on the grounds that the facts of the complaint are not verified are denied. See DeMartino v. DiSora, supra.