[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPROPRIATE COURT ORDER
CT Page 172
The court has written two prior decisions in this case. The parties entered into a Settlement Agreement setting up arbitration procedures to resolve a dispute between them. Arbitrators were selected and the plaintiff then filed an action which among other things sought an injunction restraining the defendant from proceeding with the arbitration. The claim was made that the IRI committee entrusted with choosing the arbitrators failed to follow the agreed upon method for choosing arbitrators and imposed arbitration procedures wrongfully upon the arbitration panel and parties.
The plaintiff did not merely seek to restrain the defendant from proceeding with arbitration but also asked the court to appoint arbitrators pursuant to the Settlement Agreement and to order the defendant to proceed with arbitration in compliance with the agreement and state statutes. It even sought a declaratory judgment determining that the plaintiff had no reinsurance obligation to the defendant (the substance of the dispute between the parties) because the defendant breached its duties to the plaintiff. The plaintiff also sought recision of the Settlement Agreement providing for arbitration and "such other relief as in equity may pertain."
The defendant on the other hand, in response to the plaintiff's suit and the plaintiff's refusal to proceed to arbitration with the panel already selected, filed a motion to stay proceedings in the plaintiff's action and a motion to compel the plaintiff to arbitrate with the panel that had been chosen.
The court had extensive hearings and in effect decided the plaintiff's action should be stayed by holding that the parties should proceed to arbitration with the panel that had been selected but to which the plaintiff objected.
Both parties have submitted orders for me to sign which, from their own perspective, seek to categorize the proceedings held before me and categorize the nature of the ruling that I made. It will be up to an appellate court to determine these issues since I suppose the record now speaks for itself but the wording of any order I sign could be an important consideration. If I sign the order submitted by the defendant, it can argue that what we have here is really a § 52-409 action and the plaintiff really has no CT Page 173 right to appeal directly from my decision. The plaintiff asks me to sign an order saying that I denied the plaintiff's motion to compel arbitration pursuant to §§ 52-410 and 52-411 of the General Statutes and ordered that the defendant's motion to compel arbitration be granted. The issue as to what pigeon hole the proceedings before me and my decision can be fitted into is of course important in light of Success Centers Inc. v. HuntingtonLearning Centers. Inc., 223 Conn. 761, 768 (1992) where the court said:
 We are persuaded that §§ 52-409 and 52-410
serve distinct functions. Section 52-409
provides relief when a party to a contract that contains an arbitration clause desires arbitration of a dispute, and the other party, instead of proceeding with arbitration, institutes a civil action to resolve the dispute. The party desiring arbitration can then seek a stay of the civil action. In contrast, § 52-410 comes into play when no action is pending between the parties, the parties have a contract providing for arbitration, and the parties are unable to agree about the arbitrability of the dispute. In that case, one of the parties may apply to the trial court, in accordance with the distinct statutory procedure provided by § 52-410, for an order directing the parties to proceed with arbitration.
 In either case, in granting or denying a stay under § 52-409, or in granting or denying an order directing the parties to proceed with arbitration under § 52-410, the trial court must determine whether the contract between the parties provides for arbitration. Because, however, a civil action must be pending for a § 52-409 order to be issued, we have held that such an order is interlocutory and, therefore, not appealable. . . . Section 52-410, on the other hand, allows a party to an arbitration agreement to commence an independent action in the Superior Court to compel arbitration when no civil action is pending between the parties. The trial CT Page 174 court's decision in a § 52-410 action, therefore, terminates the action between the parties. Thus, we have construed a court order made pursuant to § 52-410 as a final order from which either party to the agreement may appeal.
Interestingly the whole universe of possibilities isn't disclosed by this analysis. For example if we look at the record of Success Centers and what actually happened in the case we will see that at page 763 of the decision the court said in discussing the history of the case:
 "Upon motion of the defendants pursuant to General Statute § 52-409, the trial court ordered the parties to proceed with arbitration, as provided in their franchise agreements". The plaintiff appealed and the appeal was dismissed by the Appellate Court "for lack of final judgment." Certification was granted and the Supreme Court decided to "affirm the judgment of the Appellate Court."
Given the ultimate holding of the court then and reading the opinion as a whole, a trial judge has ancillary power in deciding a § 52-409 action to order the parties to arbitration even though § 52-409 unlike § 52-410 doesn't explicitly so provide. Thus, the fact that I issued an order compelling arbitration in accordance with the defendant's request in an of itself can't be used to categorize the proceedings before me and the order I made as non-interlocutory. What I did doesn't really differ from the net result of Success Centers which meant that the trial court's order granting the stay and compelling arbitration were allowed to stand.
What confuses the issue here in terms of a Success Centers
analysis is that in its verified complaint the plaintiff sought various types of relief. One prayer for relief with a slight jurisdictional variation sounds like a § 52-410 or § 52-411
request give us the arbitration we agreed to and arbitrators selected in compliance with that agreement. Another prayer for relief, however, asks that the Settlement Agreement which established the very arbitration procedures be rescinded — what does that mean, that a court should decide the underlying dispute? But the plaintiff does not stop there — it makes explicit what otherwise might be only suggested; it asks for a declaratory judgment CT Page 175 determining that the plaintiff, HSB, has no reinsurance obligation to IRI because of IRI's alleged breach of its duties to the plaintiff. It was because of these latter requests for relief that the defendant probably felt compelled to file a motion to stay proceedings in the HSB action. If this view of the plaintiff's complaint and the ensuing proceedings before me is taken it can't really be said that a § 52-410 categorization is appropriate. There certainly was a request for relief before the court that went beyond a mere request that the court compel arbitration. Also there was no disagreement about the arbitrability of the dispute as such and given the broad request for relief in the verified complaint it can't be said that my decision has terminated the action between the parties, cf Success Centers at pp. 768-769.
But what also may be true is that a scholastic analysis of whether the claims for relief and the fact pattern here fits into the Success Center analysis is not very helpful. What I decided in my first opinion is that "in the narrow case where it is claimed arbitrators were not chosen in the specific manner agreed to by the parties, the resolution of that claim is a jurisdictional one which the courts should decide before the arbitrators hear the case on the merits." Should an appeal lie when a trial court takes action in such a preliminary matter? What effect will it have on the arbitration process?
When a party seeks equitable relief to remove an arbitrator, prior to arbitration, for bias or corruption, the decision of the court on such a question can apparently be independently appealed, at least it was in Gaer Brothers v. Mott, 144 Conn. 303 (1957). But where an equitable action is brought prior to arbitration to remove an arbitrator for bias or corruption, the reasons to allow an appeal prior to and independently of the arbitration process are persuasive. Charges concerning the integrity of the arbitrators might seriously compromise the fairness and expected neutrality of the hearing process itself if they are not cured and resolved prior to arbitration.
Here the question presented was a narrow jurisdictional one no claim was made as to the bias, corruption or lack of integrity of the arbitrators actually chosen. The plaintiff's claim revolved around the appropriate interpretation of contract language. Furthermore, it cannot be denied that it would be a burden on the arbitration process if parties subject to arbitration, after a full hearing on such a jurisdictional question, must go through an appeals process which will either further delay arbitration or add CT Page 176 to its complexity and costs.
If a court is wrong in refusing to grant relief when such a jurisdictional claim is made, any award would have to be overturned. But that in itself is no basis to say an appeal should immediately lie from the decision. Such a danger is presented when a court for example erroneously grants a § 52-409 request to stay arbitration. There as here, where no bias or corruption charges are made, the arbitration procedures and decision can remove the reason for attacking the award on the particular jurisdictional grounds raised. Also post-award discovery directed at the arbitrators could be used to protect the interests of the party who attacks the method in which the arbitrators were selected but prior to arbitration is unwilling to use such discovery procedures to show the method was in any way unfair or led to the selection of biased arbitrators.
When this type of jurisdictional claim is raised an appellate court might not be willing to decide appealability depending on whether Success Center criteria are met. It might wish to review the nature of the claim and on a case by case basis issue orders staying arbitration where the merits of the claim raised by the party making and losing the claim of improper selection of arbitrators is particularly persuasive and the trial court's opinion on its face raise the strong possibility of error. Given my original opinion allowing hearings on this type of claim any recognition of an automatic right to appeal after and despite the fact that an initial due process hearing was afforded to test the claim might seriously disrupt the arbitration process. That should be the ultimate concern in deciding whether an appeal should be allowed from any trial court orders in arbitration cases given the requirements of the Supremacy Clause of the federal constitution which governs this interstate commerce matter. In any event these questions are not for me to decide.
I will sign the defendant's proposed order — it appears to be a correct factual rendition of what occurred. The plaintiff's proposed order which seeks to categorize the proceedings under §§ 52-410 and 52-411 for appeal purposes is beyond my province to decide at this juncture and the specific nature of the claim raised by HSB and my ruling allowing a hearing on that claim do not fall so readily into a Success Centers analysis.
Thomas Corradino, Judge CT Page 177