[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S AMENDED APPLICATION TO VACATE THE ARBITRATION AWARD (246); DEFENDANT'S MOTION TO CONFIRM (228); AND DEFENDANT'S APPLICATION TO CORRECT AND/OR MODIFY ARBITRATION AWARD (242)
The parties entered into a Stipulation re Binding Arbitration (219.10) dated October 17, 2001 that was presented to the court the same day. The court approved and ordered the parties to proceed, ". . . . subject to compliance with the provisions of General Statutes § 46b-66." The Stipulation stated it was pursuant to General Statutes § 52-424.
The defendant now seeks to vacate the award since the hearing closed on November 12, 2001 and the award was issued on December 20, 2001, 38 days later. The defendant cites General Statutes § 52-416 (a) in support of his claim that, since no time limit for rendering the award was fixed in the stipulation, the statute provides that the award shall be rendered within thirty days from the date the hearings are completed. The statute then provides "An award made after that time shall have no legal effect unless the parties expressly extend the time" and in this case no extension was requested, agreed to or ratified. This situation was addressed in Hayes v. Travelers Indemnity Co., 26 Conn. App. 418, at 421 as follows:
"Applying these principles to the statutory language CT Page 7551 of § 52-416, we conclude that the time limit for the rendering of an award is equally applicable to the notification of the same. Section 52-416 (a) outlines the time frame within which the arbitrator or arbitrators must render an award. Specifically, § 52-416 (a) provides in pertinent part that "the arbitrator or arbitrators or umpire shall render the award within thirty days from the date the hearing or hearings are completed. . . . An award made after that time shall have no legal effect unless the parties expressly extend the time in which the award may be made by an extension or ratification in writing." Subsection (b) of § 52-416 defines what constitutes an award as referred to in subsection (a) and also states that written notice of the award shall be given to each party. Because the statute must be read as a whole, in such a manner so as not to render either section meaningless, the thirty day time limit for the rendering of a award is equally applicable to the notice of that award. We hold, therefore, that not only must the award be rendered within the thirty day time limit, but that notification of the award must also be given within the same thirty day time limit."
The plaintiff cites Capozzi v. Liberty Mutual Fire Ins. Co.,32 Conn. App. 250 for the claim that, unless an objection is made before the award is made, the parties have waived the deadline. The Capozzi case is distinguished for that case, citing Hayes with approval, states, at page 255:
"General Statutes § 52-416 requires that the rendering of an arbitration award and notification of the award both be given within the thirty day period from the date the hearing or hearings are completed. Hayes v. Travelers Indemnity C., 26 Conn. App. 418, 421, 601 A.2d 555 (1992). In Hayes, there was `no indication that the parties waived the thirty day . . . period.' Id., 423. (emphasis added.) Here, on the other hand, the trial court found that there was such an indication. The trial court found that when the parties extended the time for filing their reply briefs with the arbitrators, they also extended the thirty day period for rendering a decision to October 7, 1991. Thereafter, the parties knew, through receipt of copies of various communications, that the arbitrators would not be meeting until an undetermined CT Page 7552 date after October 7, 1991."
This court finds the Hayes analysis to be controlling. The superior court case cited by the plaintiff allows extension by inference when the statute requires that. . . . "the parties expressly extend thetime. . . ." (emphasis added.) The parties are obliged to agree on an extension for the rendering of the award or else ratifying it, all as set out in the statute. This court declines to apply the rationale set forth in said case.
In conclusion, this court finds the statute to be clear on its face and mandatory. The award was filed late. No extension was obtained. No ratification occurred. Nothing occurred between the date the hearing was closed and the date the award was made from which this court can infer any waiver of said statute. The arbitration award is vacated.
So Ordered.
The plaintiffs motion to confirm the award (228) is denied. The defendant's application to correct and/or modify arbitration award (242) is found to be moot in light of the foregoing and is therefore denied on that ground.
 ___________________ HARRIGAN, J.T.R.